**Mary C. RODRIGUEZ & Gloria Olivarez, et al., Plaintiffs,**

v.

**MARKS BROTHERS PICKLE COMPANY, INC., Defendant.**

No. 83–C–1691.

United States District Court, E.D. Wisconsin.

May 1, 1984.

Robert J. Patterson, Corpus Christi, Tex., for plaintiffs.

David J. Dunn, Corpus Christi, for defendant.

## DECISION AND ORDER

WARREN, District Judge.

### BACKGROUND

This action, originally filed in the Texas State Court for Hidalgo County, arises out of injuries that resulted in the deaths of Jose Rodriguez and Juan Olivarez while they were employed by the defendant, Marks Brothers Pickle Company, Inc. In their original petition, plaintiffs, the surviving widows and minor children of the decedents, alleged that the injuries were suffered as a result of an electrical shock from a faulty conveyor system. The complaint also charged that the decedents' injuries were proximately caused by the negligence of the defendant, entitling plaintiffs to compensatory damages for pain, suffering, mental anguish, and loss of consortium, companionship, and support. Finally, plaintiffs sought punitive damages for what they termed "a conscious indifference to the rights or welfare of the Decedents and and other persons similarly situated." Plaintiffs' Original Petition at 3.

On December 21, 1982, the action was removed, on the petition of the defendant, to the United States District Court for the Southern District of Texas, Brownsville Division. The parties apparently proceeded with discovery throughout the following nine months, during which several pretrial motions were filed, including defendant's petition for a change of venue. On September 30, 1983, following a hearing on the merits of that motion, District Judge Ricardo H. Hinojosa concluded that the convenience of the parties and witnesses and the interests of justice dictate that the case be transferred to this district for further proceedings.

On December 21, 1983, the plaintiffs, now proceeding before this Court, filed their motion for non-suit as to defendant Marks Brothers Pickle Company, Inc., "as grounds therefore that Plaintiff does not desire to prosecute this matter further against said Defendant." Specifically, plaintiffs requested that this action be "dismissed without prejudice to Plaintiffs' refiling it at Plaintiffs' cost." Plaintiffs' Motion For Non-Suit (December 21, 1983). It is now clear that the defendant neither objected to the plaintiffs' motion nor filed a formal stipulation for dismissal because of plaintiffs' representation that they no longer wished to prosecute this action. *See* Affidavit of Michael J. Hogan at 2 (March 9, 1984). On December 30, 1983, the Court granted plaintiffs' motion, thus dismissing this case without prejudice.

On March 12, 1984, the defendant filed the present motion to vacate the Court's dismissal order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In support of its motion, the defendant recounts the procedural history of this case to date and notes, in particular, that on February 7, 1984, thirty-eight days after the Court granted their motion for non-suit, these plaintiffs filed a second complaint, again in the Texas State Court for Hidalgo County, again naming Marks Brothers Pickle Company, Inc., as a defendant. A careful review of this second petition demonstrates that with the exception of the naming of one Faustino Perez, allegedly an agent of Marks Brothers Pickle Company, Inc., as a party defendant, the allegations in the new action are practically identical to those in the original complaint. Indeed, a count-by-count comparison of the two peti-

tions shows them to be so similar in substance and form that they are virtually indistinguishable. *See* Exhibit E to Defendant's Brief In Support of Motion to Vacate (March 12, 1984).

Defendant argues persuasively that by securing an order of non-suit from this Court and subsequently reinitiating their action under the guise of a "new" petition in the very state court from which the original case was removed, the plaintiffs have deprived the defendant of a federal forum and have plainly attempted to circumvent the ruling of Judge Hinojosa of the Southern District of Texas with respect to proper venue in this district. The defendant characterizes plaintiffs' actions as

> an obvious attempt to shop for a forum which could deprive the defendant of a good and valid defense under Wisconsin law which is that an employee's exclusive remedy for recovery for compensation for injuries received in the course of his employment is limited to recovery under Worker's Compensation Law. It is a blatant attempt to return to the Texas Circuit Court in the hope that Texas law will be applied rather than Wisconsin law.

Defendant's Brief In Support of Motion to Vacate at 5 (March 12, 1984).[1]

The defendant further contends that the representation made by the plaintiffs in support of their petition for non-suit— namely, that they no longer desired to prosecute this action against defendant Marks Brothers Pickle Company, Inc.—was a deliberate misrepresentation, intended only to induce the defendant not to oppose dismissal of the previous action without prejudice. Defendant seeks vacation of the Court's December 30, 1983, order for non-suit and requests that it be granted leave to file a motion for summary judgment forthwith.

Pursuant to Local Rule 6.01, plaintiffs were afforded fourteen (14) days from receipt of defendant's motion in which to file a responsive brief. In fact, some fifty (50) days have now passed since the motion to vacate was filed with this Court, and plaintiffs have yet to respond. Accordingly, the Court today resolves this pending matter based solely on the defendant's motion and supporting brief and the various exhibits and affidavits appended thereto.

## RULE 60(b) AND DEFENDANT'S REQUEST TO VACATE THE ORDER FOR NON–SUIT

 As the defendant has stated in its supporting brief, Rule 60(b) of the Federal Rules of Civil Procedure empowers the district court to relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons, among others:

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or

(6) any other reason justifying relief from the operation of the judgment.

This rule of equity is an attempt to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done. *United States v. Southwest National Bank*, 598 F.2d 600, 603 (Temp.Emer.Ct. App.1979); 11 Wright & Miller, *Federal Practice & Procedure* § 2851 (1973). It is a remedial rule which is to be liberally construed. *Altschul v. Paine Webber, Inc.*, 488 F.Supp. 858, 859 (S.D.N.Y.1980); *Tann v. Service Distributors, Inc.*, 56 F.R.D. 593, 599 (E.D.Pa.1972), *aff'd*, 481 F.2d 1399 (3d Cir.1973).

 A motion under Rule 60(b) is addressed to the sound discretion of the dis-

---

**1.** In Wisconsin, an employee's exclusive remedy against his or her employer for injuries incurred in the scope of employment is under the state's Worker's Compensation Act, Wis.Stat. § 102.01 *et seq.* Since, at the time of the decedents' injuries, their employer, Marks Brothers Pickle Company, Inc., was a party to a contract for worker's compensation insurance in the state, this defendant contends that plaintiffs' recovery is expressly limited by the statute. The defendant further maintains that it is for this reason that plaintiffs seek the application of Texas Law, "which arguably permits recovery against an employer not a subscriber within the state of Texas." Defendant's Motion to Vacate Dismissal at 2 (March 12, 1984).

trict court and will not be overturned on appeal absent an abuse of discretion. *Smith v. Missouri Pacific Railroad Company*, 615 F.2d 683, 684–685 (5th Cir.1980); *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir.1980). In the exercise of that discretion, the Court may properly determine that misrepresentation or circumvention are sufficient grounds for vacating an order, particularly if the complaining party was prevented from presenting the merits of his or her case. *United States v. An Undetermined Quantity of an Article of Drug Labeled as Benylin Cough Syrup*, 583 F.2d 942, 948 (7th Cir. 1978); *Assmann v. Fleming*, 159 F.2d 332, 336 (8th Cir.1947).

■ It is well established that the burden of proof as to these charges is upon the moving party and that the specific misconduct must be shown by clear and convincing evidence. *Square Construction Company v. Washington Metropolitan Area Transit Authority*, 657 F.2d 68, 71 (4th Cir.1981); *Wilson v. Thompson*, 638 F.2d 801, 804, *appeal after remand*, 638 F.2d 799 (5th Cir.1981). In this context, the rule may be successfully invoked in situations similar to the present, where the moving party demonstrates some prejudice in the presentation of its case as a result of its good faith reliance on the explicit or implied promise of an opposing litigant. *See Morris, Inc. v. Sun Leasing Company*, 371 F.Supp. 1233, 1235 (S.D.N.Y.1974) (plaintiff's proper remedy was motion to vacate dismissal under Rule 60(b), where it asserted it had consented to dismissal of admiralty and civil claims in state court because of defendant's implied promise not to raise issue of jurisdictional defect in federal civil action and defendant's subsequent raising of such issue had resulted in dismissal of federal civil action); *Fairfax Countywide Citizens Association v. County of Fairfax*, 571 F.2d 1299 (4th Cir.), *cert. denied*, 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978) (district court has authority under Rule 60 to vacate prior dismissal order and restore case to its docket where one party breached settlement agreement which had been entered into as basis for dismissing suit).

■ As the Court has already indicated, the defendant's motion papers describe a rather blatant misuse of the non-suit device prescribed by Rule 41(a)(2) of the Federal Rules of Civil Procedure. While plaintiffs' intentions were unclear at the time they filed their motion, it is now sufficiently plain to the Court that their non-suit request was motivated by an interest in returning the prosecution of their claims to the Texas state court in which they were first made. As the defendant has accurately observed, such an invocation of Rule 41(a)(2)—not to secure a tactical procedural advantage but instead to subject the opposing party to some substantive legal prejudice—has been soundly condemned. In *Kennedy v. State Farm Mutual Automobile Insurance Company*, 46 F.R.D. 12, 14, 15 (E.D.Ark.1969), the district court described an abusive use of the non-suit this way:

> Where a dismissal without prejudice would subject the defendant to substantial legal prejudice, as contrasted to mere inconvenience or vexation incident to defending a subsequent suit, permission to so dismiss should be denied. However, ordinarily the motive of the plaintiff in seeking to dismiss is not material, and the fact that a nonsuit may give the plaintiff some tactical procedural advantage in the same or in some other forum is not grounds for refusing to allow the dismissal....
>
> It is clear that plaintiff by her motion is seeking something quite different from a tactical procedural advantage. She desires to have her new forum apply to this case another body of substantive law which would or might deprive the defendant of an apparently good defense at this forum. Thus, the shift of forum, if permitted, would or might seriously disadvantage the defendant, and the Court thinks that it would amount to legal prejudice to subject the defendant to the risk that plaintiff may succeed in

inducing the Georgia courts to refuse to apply Arkansas law to the policy in suit.

Similarly, in *Home Owners' Loan Corporation v. Huffman,* 134 F.2d 314, 318 (8th Cir.1943), the Court of Appeals for the Eighth Circuit criticized precisely the sort of manipulative use which the present plaintiffs have apparently made of Rule 41(a)(2):

> If it were demonstrated that the defendant would lose the advantage which it now has by a change of forum that might be reason for holding that the court abused its discretion by permitting a dismissal without prejudice even had terms been imposed. In speaking of the result of a dismissal without prejudice by a plaintiff for the purpose of beginning a suit in another court, Judge Learned Hand in *Young v. Southern Pac. Co.,* 2 Cir., 25 F.2d 630, 632, said: "... [O]ne court is as good as another. But the situation changes when there is substantial doubt whether the courts will not apply different rules, and when the plaintiff's purpose is so to maneuver the litigation that the defendant will lose his existing advantage. The loss of the federal forum then becomes a grave prejudice, quite as much as, and indeed more than, the expense and delay in trying the suit up to decree, or even the failure of a cross-bill."

In this case, the grave prejudice that the defendant would suffer if plaintiffs' abuse of the non-suit device went unremedied would inhere in the nonapplication of the Wisconsin Worker's Compensation Act, Wis.Stat. § 102.01 *et seq.,* in a non-federal forum. Indeed, this defendant's right to present its case in this Court, obliged to apply Wisconsin law, was guaranteed by Judge Hinojosa's decision of September 30, 1983, to transfer venue to the Eastern District of Wisconsin. Plaintiffs' apparent attempt to undermine this right by misrepresenting their intentions as to further prosecution convinces the Court that the defendant's present motion should now be granted.

Accordingly, for the reasons stated herein, the Court hereby VACATES its order of non-suit of December 30, 1983, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and reopens this case. Pursuant to the defendant's stated intention to file a motion for summary judgment, the Court hereby ORDERS that any dispositive pretrial motions be filed no later than Tuesday, May 29, 1984. The parties are to follow Local Rule 6.01 in briefing any such motions.

