**Maurice MANSHACK and Cheri B. Manshack, Plaintiffs–Appellees,**

v.

**SOUTHWESTERN ELECTRIC POWER COMPANY, Defendant–Appellant.**

No. 89–6209.

United States Court of Appeals, Fifth Circuit.

Oct. 25, 1990.

S. Maurice Hicks, Jr., Hicks & Bookter, Shreveport, La., T. John Ward, Sharp, Ward, Price & Searcy, Longview, Tex., for defendant-appellant.

Rex A. Nichols, Jr., Rex A. Nichols, Nichols, Bailey & Watson, Longview, Tex., for plaintiffs-appellees.

Before GARZA, JOLLY, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

This appeal challenges the district court's discretionary dismissal without prejudice of the personal injury lawsuit filed by the Manshacks against Southwestern Electric Power Co. (SWEPCO). *See* Fed.R.Civ.P. 41(a)(2). As a subsidiary matter, SWEPCO contends that the district court's grant of voluntary dismissal should be reversed because the court did not comply with its own local rules requiring ten (10) days' notice to an opposing party of such a motion. We conclude that the district court did not abuse its discretion in either of these matters, and we accordingly affirm.

Maurice Manshack, the employee of an electrical contractor, was severely burned while working on SWEPCO's high-voltage electrical pole and line in Shreveport, Louisiana. In February 1989, the Manshacks filed this lawsuit in the United States District Court for the Eastern District of Texas. Shortly after suit was filed, Mrs. Manshack lost her job with SWEPCO.

Within a few months, plaintiffs sought an interlocutory ruling from the district court to determine whether Texas or Louisiana law applied to the accident. The court decided that Louisiana law applied but agreed to certify its decision for interlocutory appeal. The Manshacks, however, were unsuccessful in persuading this court to accept an interlocutory appeal. *See* 28 U.S.C. § 1292(b). The Manshacks apparently considered this decision a significant tactical defeat. If Louisiana law applied to the case, the district court could also determine that SWEPCO was a "statutory employer" of Manshack at the time of injury, and Manshack's remedies would then be limited to those afforded by Louisiana's Worker's Compensation Act. La.Rev.Stat. Ann. §§ 23:1021, 1032 (West 1985). Texas law recognizes no comparable doctrine. Presumably to avert this undesirable result, the Manshacks moved for voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2). Their ex parte motion was granted the day it was filed, notwithstanding a local rule of the Eastern District of Texas that requires ten days' notice of a motion to an opposing

party. The court did, however, explain its reasons for granting its dismissal after SWEPCO moved for reconsideration. From the district court's dismissal, SWEPCO appeals.[1]

## DISCUSSION

■ SWEPCO acknowledges that we may reverse a district court's decision to grant a voluntary dismissal without prejudice only for abuse of discretion. Certain well-settled principles guide the court's exercise of discretion:

> The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.' Accordingly the courts have generally followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. It is not a bar to dismissal that plaintiff may obtain some tactical advantage thereby.

9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2364, at 165 (1971) (citations omitted).[2] SWEPCO maintains that it suffered clear "legal prejudice" because, having obtained a favorable ruling on the choice of law in the case, SWEPCO's victory has been snatched away by the dismissal and prospective change of forum to a Texas trial court. In some circumstances we would probably agree that a voluntary dismissal granted after an adverse trial court ruling could inflict "legal prejudice" on the defendant.[3] The courts must carefully monitor Rule 41(a)(2) voluntary dismissals to insure that they do not engender abuse. But a fine line sometimes exists between imposing "plain legal prejudice" and merely subjecting the defendant to another lawsuit—in this case the dismissal seems to

fall on the latter side of that line. SWEPCO does not complain that the case has proceeded far in discovery, causing excessive litigation costs. Moreover, the district court's ruling on the choice of law, although undoubtedly heartening to SWEPCO, was not as definitive as, say, a summary judgment based upon Louisiana's statutory employer defense.

SWEPCO poses as a controlling analogy our recent decision in *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 987–88 (5th Cir.1989). In *Phillips*, after a Texas district court had transferred venue to Louisiana, the defendant moved for summary judgment based on Louisiana's one-year prescription period, a defense evident on the face of plaintiffs' complaint. *Id.* at 985. Plaintiff then moved for dismissal without prejudice because the prescription period in other possible jurisdictions, Texas (2 years) or Mississippi (6 years), exceeded that in Louisiana. *Id.* Faced with an adverse summary judgment, plaintiff appealed the denial of his Rule 41(a)(2) motion. We affirmed, holding that a dismissal without prejudice would have legally prejudiced the defendant, because the statute of limitations had not expired in Texas or Mississippi. *Id.* at 987. To transfer the case again would strip the defendant of an absolute defense. *Id.*

*Phillips* does not resemble this case. The type of legal prejudice suffered by the defendant in *Phillips* differs from that suffered by SWEPCO. In *Phillips*, the defendant would be governed by a completely different statute of limitations if the plaintiff was allowed to re-transfer his case from Louisiana. On the other hand, SWEPCO is governed by exactly the same choice of law principles in Texas federal or state court. In theory, the district court

1. Immediately after they obtained the federal court dismissal, the Manshacks filed suit in Texas state court. This time they joined SWEPCO's parent company Central and Southwest Corporation, a Texas corporation. SWEPCO removed this lawsuit to federal court, contending that the Texas company was joined in a fraudulent effort to defeat diversity jurisdiction. These events are cited for completeness, rather than for their bearing on the instant appeal.

2. The Rule further allows a court to assess costs in favor of a defendant as a means to redress the expenses it has incurred prior to the plaintiff's voluntary dismissal. *See e.g., Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir.1990). SWEPCO made no such motion here.

3. See *Ikospentakis v. Thalassic Steamship Agency*, 915 F.2d 176, 178–180 (5th Cir.1990).

was applying those rules just as a Texas court would. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). If the Manshacks' voluntary dismissal is upheld, and their case comes to rest in a Texas state court, Texas judges must apply the *same choice of law principles*. The only way that SWEPCO can be legally prejudiced is if Texas judges apply those principles differently and arrive at a different result. It seems odd for SWEPCO to argue that it would be legally prejudiced by a Rule 41(a)(2) dismissal because a Texas court may incorrectly apply its own law or because SWEPCO has a stake in maintaining a contrary, potentially incorrect interpretation rendered by a federal court.

The distinction between this case and *Phillips* also applies to the other cases cited on SWEPCO's behalf. Thus, a voluntary dismissal without prejudice was denied in *Kennedy v. State Farm Mut. Auto. Ins. Co.*, 46 F.R.D. 12, 14–15 (E.D.Ark.1969), where a definitive but adverse Arkansas Supreme Court decision had been issued, and the plaintiff wanted to re-file her case in Georgia and persuade that court to apply non-Arkansas law to her case. Georgia's choice of law rules might have been more favorable to the plaintiff. Likewise, in *Rodriguez v. Marx Bros. Pickle Co., Inc.*, 102 F.R.D. 104, 106–07 (E.D.Wis.1984), the plaintiffs sought voluntary dismissal in the hopes that a Texas state court would not apply the Wisconsin statutory employer defense against the plaintiff. The Wisconsin federal district court refused to permit a voluntary dismissal, concluding that a change of forum would cause substantive legal prejudice to the defendant. *Id.* at 108. We endorse the denial of voluntary dismissal if approval could allow a plaintiff to select a different body of law unfavorable to the defendant's position. Here, however, both the Texas federal and state courts are bound to apply the *same* choice of law rules.

In any event, as a result of this voluntary dismissal, SWEPCO will not be stripped of an absolute defense, as would have happened to the railroad company in *Phillips*. Rather, it must re-establish the choice of Louisiana law and then attempt to invoke a Louisiana statutory employer defense—a challenge it yet faced in district court before the voluntary dismissal. *Phillips* does not prove that an abuse of discretion occurred in this case.

■ SWEPCO also complains that the district court should have given it 10 days' notice, as required by the Eastern District's Local Rule 6(e), before granting the Manshacks' voluntary dismissal. There is no doubt that the district court should have more scrupulously adhered to its own local procedures. Presumably, however, it recognized this deficiency and therefore issued a reasoned decision denying SWEPCO's motion for reconsideration. Also mitigating the district court's failure to follow local procedures, while not wholly excusing that error, is the fact that the court had closely and personally supervised this action for nearly six months at the time it granted the dismissal without prejudice. The judge was in a position to understand the likely position of both parties in the event of dismissal and to assess the potential harm to SWEPCO therefrom. He did so explicitly in his ruling on motion for reconsideration.

We conclude that SWEPCO did not suffer clear legal prejudice from the voluntary dismissal without prejudice ordered by the district court, nor was it fatally prejudiced by the court's failure to follow local rules and wait ten days before entering that order.

The judgment of the district court is AFFIRMED.