Tomas FREDERICK

v.

AMERICAN EXPORT ISBRANTSEN, American Export Lines, Inc., United Fruit Company, Farrell Lines Inc., Central Gulf Lines Inc., American Foreign S.S. Corporation, Keystone Tankship Corporation, Lykes Brothers Steamship Inc., Margate Shipping Company & Babcock & Wilcox Company, Combustion Engineering Inc., Foster Wheeler Company, General Electric Company, IMO Industries, Inc., Ingersoll–Rand Corporation, and Westinghouse Electric Corporation.

Civil Action No. G–95–475.

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 10, 1996.

---

Steven C. Barkley, Beaumont, TX, Leonard C. Jaques, Donald A. Krispin, Detroit, MI, for Tomas O. Frederick.

Mark Freeman, Beaumont, TX, for United Fruit Company, Keystone Tankship Corp. and Inc. Lykes Bros. Steamship.

Mark Freeman, Beaumont, TX, Stephen Mark Strawn, Royston Rayzor Vickery Williams, Galveston, TX, for Farrell Lines Inc.

Mark R. Pharr, III, Galloway Johnson Tompkins & Burr, Houston, TX, for Inc. Combustion Engineering.

Thomas C. Fitzhugh, III, Fitzhugh & Thompson, Houston, TX, Peter Thompson, Fitzhugh & Thompson, Houston, TX, for Foster Wheeler Company.

Adam Ira Hauser, Richard T. McCarroll, Patricia Kay Andrews, Brown McCarroll & Oaks Hartline, Austin, TX, for General Electric Company.

John Michael Jordan, Beirne Maynard & Parsons, Houston, TX, for IMO Industries, Inc.

Andrew Steinberg, Houston, TX, Ingersoll–Rand Corporation.

John Edward Eckel, Mills Shirley Eckel & Bassett, Galveston, TX, R. Benjamine Reid, Popham Haik Schnobrich & Kaufman, Miami, FL, Paul W. Gertz, Germer & Gertz, Beaumont, TX, for Westinghouse Electric.

Walter Joseph Gallant, Innes Mackillop, Brown Sims Wise & Whites, Houston, TX, for Babcock and Wilcox Company.

## ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL

KENT, District Judge.

Plaintiff filed his Original Complaint in State Court, alleging that, while working as a seaman, he suffered impaired hearing from his exposure to excessively loud engine and machinery noise entitling him to relief under the Jones Act, 46 App.U.S.C.A. § 688 (West 1975 & Supp 1995), and the general admiralty and maritime law. Defendants removed the case to this Court on August 4, 1995. Now before the Court is Plaintiff's Motion for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). Having considered all arguments made both orally and in writing on January 3, 1996, the Court concludes that the Motion should be GRANTED.

 The decision whether to dismiss an action under Rule 41(a) lies within the sound discretion of the District Court. *Ikospentakis v. Thalassic Steamship Agency,* 915 F.2d 176, 177 (5th Cir.1990). The United States Court of Appeals for the Fifth Circuit will not find abuse of discretion unless dismissal causes the nonmoving party to suffer "plain legal prejudice." *Quintero v. Klaveness Ship*

*Lines,* 914 F.2d 717, 725 (5th Cir.1990), *cert. denied,* 499 U.S. 925, 111 S.Ct. 1322, 113 L.Ed.2d 255 (1991); *see also Manshack v. Southwestern Elec. Power Co.,* 915 F.2d 172, 174 (5th Cir.1990); *Mortgage Guarantee Ins. Corp. v. Richard Carlyon Co.,* 904 F.2d 298, 300 (5th Cir.1990). Neither the gain of a tactical advantage by the party moving for dismissal, nor the likely subjection of the nonmoving party to reinstitution of the action, warrants denial of voluntary dismissal. *Manshack,* 915 F.2d at 174; *Ikospentakis,* 915 F.2d at 178.

Under Rule 41(a)(2), voluntary dismissal by Court Order may be made "upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2). The condition most commonly imposed is that the moving party bears the attorneys' fees and costs of the nonmoving party. *Mortgage Guarantee Ins. Corp.,* 904 F.2d at 300. Voluntary dismissal does not divest the Court of jurisdiction over criminal contempt proceedings based on violations of the Order of Dismissal. *See Cooter & Gell v. Hartmarx,* 496 U.S. 384, 395, 110 S.Ct. 2447, 2455–56, 110 L.Ed.2d 359 (1990).

■ In the case at bar, Plaintiff argues that voluntary dismissal is warranted because of his residence in Florida, his ongoing medical treatment in Florida, and the location of multiple witnesses in Florida. Plaintiff also emphasizes that consent to voluntary dismissal has been obtained from all but two Defendants. In response, the objecting Defendants argue that re-filing this case in the United States District Court for the Middle District of Florida, which is Plaintiff's admitted intention should the case be dismissed, would unfairly impose upon them the costs associated with submitting motions and other documents which have already been filed with this Court. These Defendants, however, apparently overlook the Court's power to levy costs and, furthermore, fail to demonstrate that they would suffer legal prejudice in the event of a dismissal. *See, e.g., Manshack,* 915 F.2d at 174 (holding that "merely subjecting the defendant to another lawsuit" does not amount to "plain legal prejudice" where the nonmoving party does not complain of "excessive litigation costs" resulting

from discovery). Considering the totality of the circumstances and the arguments presented by the parties, the Court will GRANT Plaintiff's Motion for Voluntary Dismissal, assessing all taxable costs and expenses against Plaintiff.

For the reasons stated above, Plaintiff's Motion for Voluntary Dismissal is **GRANTED.** Consequently, all causes of action asserted in the Complaint are hereby **DISMISSED WITHOUT PREJUDICE.** In addition, Plaintiff is hereby **ORDERED** to pay directly to each and every Defendant the taxable costs and expenses incurred to date by that Defendant. Each party shall bear his or its own attorneys' fees incurred herein to date.

Plaintiff is further **ORDERED** not to re-file this case in any court prior to the full and proper payment to each and every Defendant of all amounts owing that Defendant under this Order and not to re-file this case in this Court, or any court from which removal may be had to this Court, under any circumstances. **FAILURE TO ABIDE BY THE EXACT TERMS OF THIS ORDER SHALL SUBJECT BOTH PLAINTIFF AND HIS ATTORNEY TO A FINDING BY THIS COURT OF CRIMINAL CONTEMPT, WHICH MAY INCLUDE A PENALTY OF, AMONG OTHER THINGS, INCARCERATION OF THE OFFENDING PERSONS.** This Court retains plenary jurisdiction over the parties in perpetuity to enforce this Order.

**IT IS SO ORDERED.**

### FINAL JUDGMENT

For the reasons set forth in the Order issued by the Court this date, the Court **GRANTS** Defendant's Motion for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). Consequently, the Court **DISMISSES** each and all of Plaintiff's claims **WITHOUT PREJUDICE.** Plaintiff is **ORDERED** to bear all taxable costs and expenses incurred herein to date. All parties are **ORDERED** to bear their own attorneys' fees incurred herein to date.

THIS IS A FINAL JUDGMENT.

IT IS SO ORDERED.