**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

—————————————

No. 95-10504
(Summary Calendar)

—————————————

ROBERT B. REICH, Secretary of the
United States Department of Labor,

Plaintiff,

and

PENSION BENEFIT GUARANTEE CORPORATION,

Plaintiff-Counter Defendant-
Appellee,

VERSUS

THOMAS D. LUNDBERG,

Defendant,

and

SAMUEL LONGO; JOE F. WALL;
JOHN SANDERS; 127 INC;
CAPITAL GENERAL CORPORATION

Defendants,

and

DAVID J. BOATRIGHT

Defendant-Counter Claimant-
Appellant.

———————————————————————————————

Appeals from United States District Court
for the Northern District of Texas
(3:88CV02470 and 3:88CV02471)

———————————————————————————————

March 15, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

———————————

*Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

David J. Boatright appeals the district court's granting of Pension Benefit Guarantee Corporation's (PBGC's) motion for voluntary dismissal of the suit against him, contending that the dismissal should have been granted with prejudice, instead of without prejudice. Finding that the district court did not abuse its discretion in granting the voluntary dismissal without prejudice, that dismissal is AFFIRMED, and Boatright's requests for relief are DENIED.

## BACKGROUND

Boatright was an actuarial consultant hired by Lundberg in 1986 to report on the assets of a new pension plan that Lundberg was purchasing for his company. As a consequence of his actions on that consulting job, Boatright was added as defendant to PBGC's embezzlement suit against Lundberg in 1991. This court in part affirmed the grant of summary judgment against Boatright, and the dismissal of his counterclaims for slander and defamation, but remanded for a determination of the damage award against Boatright.

Following remand from this court, PBGC filed a motion for voluntary dismissal of the action, pursuant to Fed. R. Civ. P. 41(a)(2), stating, inter alia, that the intervening case law could conflict with the damage award against Boatright and that, in any event, Boatright had represented that he had virtually no assets. Boatright did not oppose the motion for voluntary dismissal, but requested that the court dismiss the case "with extreme prejudice of a vexatious, malicious, and vindictive nature." He also stated that the lawsuit violated a "written proffer agreement" with the United States Attorney that no information proffered in the criminal action against Boatright would be used against him in any matter.

The district court granted PBGC's motion for voluntary dismissal, but did not state whether the dismissal was with, or without, prejudice. Boatright filed a motion to amend the order to reflect a dismissal with prejudice. The district court denied the motion, finding no compelling reason for the requested amendment and stating that PBGC's motion for dismissal clearly demonstrated that PBGC had no further desire to prosecute the case. Boatright filed a timely notice of appeal.

## DISCUSSION

2

Boatright contends that the district court erred in denying his motion to change the order of dismissal to reflect a dismissal with prejudice, asserting that the lawsuit against him was highly prejudicial and damaging and was based on information protected by an agreement between him and the United States Attorney.

Boatright apparently views a dismissal with prejudice as akin to a sanction for bringing a frivolous claim, or for bringing a claim meant primarily to harass. *See* Fed. R. Civ. P. 11. It is not. A dismissal with prejudice merely means that the lawsuit is ended. *Schwarz v. Follodor*, 767 F.2d 125, 129 (5th Cir., 1985). As such it has the effect of a final adjudication on the merits, and further pursuit of the action is barred. *See id.*

In the case *sub judice*, the district court granted the plaintiff's motion for voluntary dismissal. A plaintiff may move the district court to dismiss his civil action voluntarily, and unless otherwise specified in the order, a voluntary dismissal is without prejudice. Fed. R. Civ. P. 41 (a)(2). A voluntary dismissal will be granted unless the defendant would suffer legal prejudice other than the prospect of a second lawsuit; thus, potentially, a plaintiff who has voluntarily dismissed his cause of action may be able to reassert it. *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Thus, the only difference between a dismissal with prejudice and one without, is that in a dismissal without prejudice, the plaintiff may be able to bring the suit again at a later date, depending upon the circumstances of the case.

In this instance, however, even were PBGC to reassert its action against Boatright, the suit would be barred by the applicable ERISA statute of limitations. *See Maher v. Strachan Shipping Co.*, 68 F.3d 95, 954 (5th Cir. 1995). Because no difference exists between a dismissal without prejudice and one with prejudice with regard to Boatright, the issue is moot.

To the extent that Boatright attempts again to argue the merits of his counterclaim against PBGC, that issue has been decided and reconsideration of it is barred by the principles of *res judicata*. *See Travelers Ins. Co. v. St Jude Hosp. of Kenner, La., Inc.*, 37 F.3d 193, 195 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 1696 (1995). Additionally, Boatright asks, for the first time on appeal, that the

3

court void his actuary termination by the Joint Board for the Enrollment of Actuaries and open a counterclaim against Jeffrey Cohen. Because Boatright raises these claims for the first time on appeal, they are not reviewable by this court. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Accordingly, the district court's dismissal without prejudice is AFFIRMED, and Boatright's requests for relief are DENIED.