IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50273
Summary Calendar
_____

COMMUNITY INITIATIVES, INC.

                                        Plaintiff-Appellee,

versus

CHASE BANK OF TEXAS, NATIONAL ASSOCIATION; AL MARTINEZ-FONTS;
BANK OF AMERICA, NATIONAL ASSOCIATION; DAVE GRAHAM; NORWEST
BANK EL PASO, NATIONAL ASSOCIATION; WELLS FARGO & COMPANY;
NATHAN E. CHRISTIAN,

                                        Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CV-375-DB
--------------------
December 14, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

The defendants appeal the district court's orders remanding

to state court the plaintiff's removed state law claims of

tortious interference and negligence and dismissing without

prejudice the plaintiff's federal civil conspiracy claim.  The

defendants assert that the district court abused its discretion

by declining to exercise supplemental jurisdiction over the state

law claims.  The defendants contend that the plaintiff committed

_____

   [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

forum manipulation by deleting its federal claims in order to obtain a remand and that the district court condoned such manipulation by dismissing the plaintiff's federal civil conspiracy claim without prejudice.

The defendants have not challenged on appeal, and have therefore abandoned any challenge to, the district court's determination that it had discretion to decline to exercise supplemental jurisdiction because the plaintiff's state claims substantially predominated over its federal civil conspiracy claim. See 28 U.S.C. § 1367(c); see also Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). The defendants have also failed to establish that the district court's declining to exercise supplemental jurisdiction over the state law claims was an abuse of discretion in light of the principles of judicial economy, convenience, fairness, and comity. See Batiste v. Island Records, Inc., 179 F.3d 217, 226-28 (5th Cir. 1999); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Contrary to the defendants' assertions, the record shows that the district court did consider the forum manipulation issue. See Carnegie-Mellon, 484 U.S. at 357.

Finally, the defendants have failed to show plain legal prejudice arising from the district court's dismissal without prejudice of the plaintiff's federal civil conspiracy claim. See Manshack v. Southwestern Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990). The mere prospect that the claim will be asserted in the remanded case in state court is insufficient to establish the required prejudice. See id. at 174-75.

AFFIRMED.