**EVANS ⌐. al. v. TECHE LINES, Inc.**

**No. 9463.**

Circuit Court of Appeals, Fifth Circuit.

June 25, 1940.

Thomas Brady, T. P. Brady, and R. Pearce Phillips, all of Brookhaven, Miss., for appellants.

Hugh V. Wall, of Brookhaven, Miss., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellants, plaintiffs below, are the father and mother and five minor brothers and sisters of James C. Evans, who died as the result of a collision between a Ford automobile he was driving and a bus owned and operated by appellee. The suit was brought to recover damages of $50,000. The accident occurred on highway No. 51, about 2 miles south of Bryam, in Hinds County, Mississippi. At that point the highway runs approximately north and south and is straight. It is a double lane paved road with a mark down the centre to divide the lanes. The bus was travelling south and the Ford was travelling north. By the law of Mississippi each vehicle was required to stay in its own lane, which was to the right of the center as to each, the west side for the bus and the east side for the Ford. Code Supp.Miss.1938, § 1439 et seq. The negligence alleged is that the bus was operating at an excessive and dangerous speed of 60 to 65 miles per hour, was defective and just prior to the accident was driving on the east side of the road. The collision occurred on the west side of the road where the bus had the right to be. Evans, his wife, three other persons in the Ford and the driver of the bus were killed. Defendant answered, denying negligence and pleading contributory negligence. At the close of the evidence a verdict was directed in favor of defendant. Appellants assign error to that action of the court; to the refusal to permit them to take a voluntary non-suit; to the exclusion of part of the testimony of one witness, Dr. Moore; and to the refusal to grant a new trial.

Under the law of Mississippi the maximum legal rate of speed at the place where the accident occurred was 55 miles per hour. Code Supp.Miss.1938, § 1434. There was evidence of seven persons who were passengers on the bus and two witnesses who were in another automobile, tending to show that the bus was on its right side

of the road prior to and at the time of the collision and that it was not running at a rate of more than 50 miles an hour. Defendant also offered proof tending to show that the bus was comparatively new and was equipped with a governor that prevented it from running at the rate of more than 50 miles an hour.

To show a conflict in the evidence requiring the case to be submitted to the jury, appellants rely on the testimony of a witness, Smith, and the evidence of Dr. Moore, which was excluded. Smith testified, in substance, that he first saw the bus when it crossed a bridge about 200 or 300 yards away. It was going about 40 miles an hour. It picked up speed to get over a rise in the road but he did not testify it was going at a greater rate of speed than 50 miles an hour. He did not see the accident but went to the scene after it occurred. The excluded evidence of Dr. Moore was, in substance that he stopped to pick up his wife and then went on in the same direction the bus was going and did not overtake it until after the accident although he drove at between 60 and 75 miles per hour. Appellants also rely on these facts. The day after the accident a large piece of sheet metal which might have been a drip pan under the bus was found on the side of the road and there were marks on the highway that might have been made by the end of a bolt or other objects attached to the bus. There was no evidence tending to connect these physical facts with the bus.

After the motion for a directed verdict was made, had been argued and the court had announced its intention to direct a verdict, appellants moved for a non-suit. This was denied. Later a new trial was sought and denied.

 It is apparent the evidence of Smith, the excluded evidence of Dr. Moore and the physical facts also relied on by plaintiff had no probative force as tending to show that either the driver or owner of the bus was guilty of negligence causing or contributing to the accident. It is a well established rule in the courts of the United States that where the evidence is so overwhelmingly on one side as to leave no room for doubt as to what the facts are, the court should give a peremptory instruction to the jury. Atchison, Topeka, etc., R. Co. v. Toops, 281 U.S. 351, 50 S.Ct. 281, 74 L.Ed. 896; Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720.

Under the provisions of Rule 41 (b), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, after issue is joined in a case, the action may not be dismissed at the plaintiff's instance save upon order of the court upon such terms and conditions as the court deems proper. The granting of a motion of the plaintiff for a non-suit was within the sound discretion of the trial court. When the trial of the action had progressed as far as in the case at bar it can not be said there was an abuse of discretion by the court in refusing to permit a non-suit. The motion for a new trial was considered by the court and presented nothing new. It was within the sound discretion of the court to deny it, under the provisions of Rule 59, Rules of Civil Procedure.

The record presents no reversible error. The judgment is affirmed.