**Rosa DIXON, et al., Plaintiffs,**

v.

**FIRST FAMILY FINANCIAL SERVICES, et al., Defendants.**

**Civ.A. No. 3:01–CV–137BN.**

United States District Court, S.D. Mississippi, Jackson Division.

March 15, 2002.

Charles E. Gibson, III, John L. Davidson, Thomas R. Frazer, II, Frazer & Davidson, P.A., Jackson, MS, for plaintiffs.

Robert H. Walker, Fred Krutz, III, Daniel J. Mulholland, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, Randy L. Dean, Walter D. Willson, Wells, Marble & Hurst, Jackson, MS, Fountain D. Dawson, Greenville, MS, for defendants.

### *OPINION AND ORDER*

BARBOUR, District Judge.

This cause is before the Court on the related Motions of Plaintiffs to Remand, Strike, and Dismiss. Having considered the Motions, Responses, attachments to each, and supporting and opposing authority, the Court finds that the Motions are not well taken and should be denied.

### I. Background and Procedural History

On January 16, 2001, Plaintiffs filed a complaint in the Circuit Court of Holmes County, Mississippi against First Family Financial Services, Inc. ("First Family"), American Security Insurance Company, American Security Group, Union Security Life Insurance Company, and Associations Financial Life Insurance Company. In that lawsuit, the Plaintiffs assert that the Defendants overcharged them and failed to disclose to them pertinent information in regard to life and property insurance that was allegedly required as a condition of loans made by First Family. On February 16, 2001, Plaintiffs Justina Bober ("Bober"), Jessie Mae Haley, and Sarah Haley served notice of their voluntary dismissal pursuant to Rule 41(a)(1)(i) of the Mississippi Rules of Civil Procedure.[1]

The Defendants, without answering Plaintiffs' Complaint, removed the case to federal court on February 26, 2001, on the basis that seven plaintiffs were allegedly involved in bankruptcy proceedings. Pursuant to FED. R. CIV. P. 41(a), Plaintiffs voluntarily dismissed the seven Plaintiffs upon whom Defendants based the removal on February 27, 2001. Defendants filed their answer on March 1, 2001, along with a supplement to their Notice of Removal in which Defendants named three additional plaintiffs allegedly involved in bankruptcy proceedings. On March 28, 2001, Plaintiffs filed the instant motions to strike supplement, to voluntarily dismiss Plaintiffs Calvin Young ("Young") and Annie Lee Carey ("Carey") or alternatively to dismiss all Plaintiffs, and to remand.

### II. Analysis

#### A. Motion of Plaintiffs to Strike Supplements of Defendants to Notice of Removal

With their supplement of March 1, 2001, Defendants submitted evidence that Plain-

---

**1.** MISS. R. CIV. P. 41(a)(1)(i) provides for voluntary dismissal under circumstances identical to FED. R. CIV P. 41(a), that is, "an action may be dismissed by the plaintiff without order of court ... by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment...."

tiffs Young, Carey, and Bober had filed voluntary petitions for relief with the United States Bankruptcy Court for the Southern District of Mississippi.[2] On December 4, 2001, Defendants again supplemented their Notice of Removal, this time to submit evidence that Plaintiffs Hosie E. Williams ("Williams"), Gloria Funchess ("Funchess"), and Mary Joe Stanley ("Stanley") had filed voluntary petitions for relief with the United States Bankruptcy Court for the Southern District of Mississippi. Plaintiffs argue that the supplements should be stricken as defective because the Defendants did not obtain leave of Court to supplement their Notice of Removal. For the reasons that follow, the Court finds that the Motion of Plaintiffs to Strike is not well taken and should be denied.

■ Defendants removed this action pursuant to 28 U.S.C. §§ 1331, 1334, and 1452, on ground that certain Plaintiffs were bankrupt. A defendant may freely amend the Notice of Removal within the thirty-day period prescribed by § 1446(b), but

> a defendant's ability to amend the removal petition after the thirty-day time limit ... extends only to amendments to correct technical defects in the jurisdictional allegations in the notice of removal, and ... amendments to remedy a "substantive defect in the removal petition, i.e., to add a new basis for federal jurisdiction, are not permitted."

*Blakeley v. United Cable Sys.,* 105 F.Supp.2d 574, 579 (S.D.Miss.2000) (Lee, C.J.) (citation omitted) (alteration in original). Other federal district courts in Mississippi have adopted this approach. *See Wright v. Combined Ins. Co. of America,* 959 F.Supp. 356, 359 (N.D.Miss.1997) (holding that "[i]f a defendant seeks to

amend the notice of removal [after the expiration of the thirty-day period], he may only do so to clarify the jurisdictional grounds for removal, which were unartfully stated in the original notice. He may not allege new jurisdictional grounds for removal."); *Spillers v. Tillman,* 959 F.Supp. 364, 372 (S.D.Miss.1997) (Bramlette, J.) (holding that "[a]lthough a defendant is free to amend a notice of removal within the 30–day period set forth in 28 U.S.C. § 1446(b), once the 30–day period has expired, amendment is not available to cure a substantive defect in removal proceedings.").

■ Although the supplements of Defendants were filed after the 30–day period for removal under section 1446(b) had expired, this Court has previously found that, until a motion to remand is decided by the Court, a defendant is free to supplement its notice of removal in order to clarify the jurisdictional grounds for removal. *See Ross v. CitiFinancial, Inc.,* Civil Action No. 5:01–cv–185BN (S.D.Miss. Dec. 4, 2001). Where, as here, defendants timely alleged bankruptcy as a jurisdictional ground for removal, the Court finds that supplementation of the Notice of Removal to add the names of Plaintiffs allegedly involved in bankruptcy proceedings is not a prohibited addition of a new jurisdictional ground, but rather a permissible clarification of an existing jurisdictional ground for which leave of Court is not required. The Court therefore finds that the Motion of Plaintiffs to Strike Supplements is not well taken and should be denied.

**B. Motion of Plaintiffs to Dismiss**

■ Plaintiffs have moved the Court to dismiss without prejudice the claims of Young and Carey based on their statuses

---

**2.** As Bober was voluntarily dismissed by Plaintiffs prior to removal of this action, the Court does not consider his bankruptcy for jurisdictional purposes.

as bankrupts. *See* Motion. Rule 41(a)(2) of the Federal Rules of Civil Procedure provides in part that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). Generally, "[t]he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976). However, the "right to voluntary dismissal without prejudice is not absolute. Rather, dismissal on Motion under Rule 41(a)(2) is within the sound discretion of the court...." *Id.* (citing *Diamond v. United States*, 267 F.2d 23 (5th Cir.1959)).

The United States Court of Appeals for the Fifth Circuit has held that "motions for voluntarily dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir.2002) (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir.1990)). When considering whether to grant a motion to voluntarily dismiss a complaint under Rule 41(a)(2),

> the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion. If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice.

*Id.*

Under Fifth Circuit precedent, "plain legal prejudice" has been found in cases in which dismissal of the action stripped the defendant of a viable affirmative defense. *See e.g. Elbaor*, 279 F.3d at 318 (holding that "the absolute loss of a statute of limitations defense constitutes the type of clear legal prejudice that precludes the granting of an unconditional dismissal."); *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176 (5th Cir.1990) (finding that loss of a forum non conveniens defense constituted plain legal prejudice therefore warranting denial of a voluntary motion to dismiss). Plain legal prejudice, however, is not shown merely because a defendant has expended time in conducting discovery, or faces the prospect of a subsequent trial either in state court or before a jury. *See Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir. 1990). *Cf. Costa Lines Cargo*, 903 F.2d at 360 (citing *Kramer v. Butler*, 845 F.2d 1291, 1294–95 (5th Cir.1988)) (holding, "Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal").

Plaintiffs argue that, as "no discovery has taken place in the instant case," and as the "case is in its infancy," neither party will be prejudiced by dismissal of Young and Carey. *See* Memorandum of Plaintiffs in Support of Motion. In the alternative, Plaintiffs urge the Court to dismiss *all* Plaintiffs if it finds that the Motion to Dismiss Young and Carey should be denied. *See id.*

Defendants argue that, as a matter of equity, Plaintiffs should not be allowed to voluntarily dismiss their claims. *See* Response. Specifically, Defendants argue that, because Plaintiffs failed to disclose to the Bankruptcy Court their cause of actions against the Defendants, Plaintiffs are equitably and judicially estopped from pur-

suing their claims outside the context of bankruptcy. *See id.* (citing *Smith–Lyon v. Trustmark Nat'l Bank,* 271 B.R. 487 (2000), in which the court found that "[a] debtor in bankruptcy must disclose any litigation likely to arise in a non-bankruptcy context, and failure to do so will trigger application of the doctrine of equitable estoppel").

Defendants base their argument on, *inter alia,* (1) the failures of Williams, Funchess and Stanley to disclose the instant cause of action when they filed for bankruptcy on August 1, 2001, March 20, 2001, and March 30, 2001, respectively, *see* page 2 of Statements of Affairs, attached to Response as Exhibits "A–1," "B–1," and "C–1," and (2) the denial on December 6, 2001, of Williams, Funchess and Stanley that they had ever filed bankruptcy. *See* Exhibit "D," Response to Request for Admission No. 4 of Defendants (requesting that Plaintiffs "[a]dmit that [they] have been involved in bankruptcy proceedings within the last ten years"). The Court agrees with the argument of Defendants that Plaintiffs are equitably estopped from dismissing their claims against Defendants and finds the holding of *Smith–Lyon* to be both a correct application of the law and persuasive.

■ The Court further finds that Plaintiffs' Motion to Dismiss should be denied on ground of abuse by Plaintiffs. *See Elbaor,* 279 F.3d at 317. With their Motion to Dismiss Young and Carey, or alternatively, all Plaintiffs, Plaintiffs engage in blatant forum shopping and pray for the Court's aid.[3] It is plain that Plaintiffs seek dismissal so that, knowing what they have learned here, they can slough off those Plaintiffs upon whom federal jurisdiction may be based and reassert their claims in state court without fear of removal to a federal forum. The Court will not facilitate such abuse. The Court therefore finds that the Motion of Plaintiffs to Voluntarily Dismiss is not well taken and should be denied.

**C. Motion of Plaintiffs to Remand**

■ It is a well established principal of removal jurisdiction that grounds for removal are determined at the time of removal. *Walker v. FDIC,* 970 F.2d 114, 120 (5th Cir.1992). Defendants removed this case pursuant to 28 U.S.C. §§ 1331, 1334 and 1452 based on the bankruptcies of Lewis Collins ("Collins"), Sandra L. Edwards ("Edwards"), Deborah F. Ford ("Ford"), Juanita L. Jackson ("Jackson"), Marie Sanders ("Sanders"), Dwight S. Trunnell ("Trunnell"), and Linda F. Wilson ("Wilson"). Of these seven Plaintiffs, all but Trunnell have averred that they never filed bankruptcy petitions. *See* Motion, Exhibit "C." Moreover, all seven Plaintiffs including Trunnell have been dismissed from this action. Were these Plaintiffs the only Plaintiffs upon whom jurisdiction could be based, the Court would find under its own precedent that the case should be remanded. *See Allen v. City Finance Co.,* 224 B.R. 347, 352 (S.D.Miss.1998). However, with their supplements to the Notice of Removal, Defendants have submitted evidence that Plaintiffs Young, Carey, Williams, Funchess and Stanley also have filed bankruptcy petitions. Defendants do not contest Plaintiffs' Motion to Remand as to the plaintiffs named in either the

---

**3.** The Court notes that the attorneys have used the peculiar procedural rule under Mississippi law which permits multiple unrelated plaintiffs to join in filing a joint complaint where they have similar claims against a defendant or defendants. This, in effect, permits a class action-type lawsuit in the absence of a state class action statute. Plaintiffs' attorneys chose to follow this procedure without first investigating whether their clients had previously filed bankruptcy proceedings.

Notice of Removal or Supplement of March 1, 2001, *see* Response at ¶ 9, but argue that, because Williams, Funchess and Stanley filed petitions for bankruptcy under Title 11 of the United States Bankruptcy Code, as set forth in the supplement dated December 4, 2001, the Plaintiffs' claims relate to those proceedings and are the property of their bankruptcy estates. *See* Memorandum of Defendants in Opposition to Remand. Defendants urge the Court to find that it has both original and exclusive subject matter jurisdiction under 28 U.S.C. § 1334(b) and (e), respectively. *See id.*

▬▬▬ Under 28 U.S.C. § 1452(a), any claim may be removed to federal court based on its relationship to a bankruptcy action provided the court has jurisdiction under 28 U.S.C. § 1334. Under section 1334(b) a federal court has original, but not exclusive jurisdiction over "civil proceedings arising under Title 11 or arising in or related to a case under title 11." 28 U.S.C.A. § 1334(b). A district court may, therefore, exercise subject matter jurisdiction over a removed cause of action if it is: (1) a "case under title 11," (2) a proceeding "arising under" title 11, (3) a proceeding "arising in" a case under title 11, or (4) a proceeding "related to" a case under title 11. "For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings 'arising under,' 'arising in a case under,' or 'related to a case under' title 11." *In re Wood,* 825 F.2d 90, 93 (5th Cir.1987). "To determine whether a district court has jurisdiction under 28 U.S.C. § 1334, 'it is only necessary to determine whether a matter is at least "related to" the bankruptcy.'" *Allen v. City Fin. Co.,* 224 B.R. 347, 351 (S.D.Miss.1998) (quoting *Wood,* 825 F.2d at 93).

▬▬▬ A proceeding is "related to" a bankruptcy case "if it could have been commenced in federal or state court independently of the bankruptcy case, and the outcome of that proceeding could possibly have an impact on the estate being administered in bankruptcy." *Id.* (citing *Wood,* 825 F.2d at 93). Further, the Fifth Circuit has held that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling of the bankruptcy estate." *In re Majestic Energy Corp.,* 835 F.2d 87, 90 (5th Cir.1988).

▬▬▬ Subsequent to filing his action in the state court and its removal by Defendants, Williams filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. *See* Response, Exhibit "A–1." Subsequent to filing their action in state court and its removal by Defendants, Funchess, and Stanley filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code. *See id.,* Exhibits "B–1," and "C–1." Neither Williams, Funchess nor Stanley disclosed the pendency of their action against Defendants to the Bankruptcy Court. Each, in fact, affirmatively stated that they had *not* been involved in any suit or administrative proceeding within one year prior to filing their petitions for bankruptcy. *See id.,* Exhibits "A–1," "B–1," and "C–1." Williams' reorganization plan was confirmed by the United States Bankruptcy Court for the Southern District of Mississippi on October 26, 2001. *See id.,* Exhibit "A–1." Funchess' and Stanley's bankruptcy cases were closed and their debts discharged on July 12, 2001. *See id.,* Exhibits "B–1," and "C–1."

The Court has found no evidence that Plaintiffs' bankruptcy trustees or the Bankruptcy Court were apprised of their causes of action against Defendants and

therefore questions whether Williams' plan would have been confirmed or whether Funchess' or Stanley's debts would have been discharged had they not concealed their causes of action from the Bankruptcy Court. However, as Plaintiffs' bankruptcy cases may, and in light of such evidence of possible bankruptcy fraud probably will, be reopened to administer assets, *see* 11 U.S.C. § 350(b), the Court finds that the Plaintiffs' state court action was "related to" their bankruptcy estates in that any judgment rendered in favor of Plaintiffs in state court would necessarily increase the assets of their bankruptcy estates. The Court therefore has subject matter jurisdiction over this case under 28 U.S.C. § 1334(b).

 Section 1334(e) provides that "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case. . . ." 11 U.S.C. §§ 541(a). Causes of action are such property, *see Wischan v. Adler,* 77 F.3d 875, 877 (5th Cir.1996), and until abandoned by the bankruptcy trustee or administered in the bankruptcy case, remain the property of the bankruptcy estate even though the case is closed or the plan is confirmed. *See* 11 U.S.C. § 554(d). It is axiomatic that, without disclosure of property, it can be neither abandoned nor administered. *See* 11 U.S.C. § 554(c). Moreover, subsections 554(a) and (b) of the Bankruptcy Code provide

that property of the estate may only be abandoned, after notice and a hearing, by the trustee, or by order of the court. As there is no evidence that Williams, Funchess, or Stanley disclosed their claims against Defendants to the Bankruptcy Court, and no evidence of a hearing by the Bankruptcy Court on the issue of abandonment of Plaintiffs' claims against Defendants, the Court finds that their claims remain the property of their bankruptcy estates pursuant to section 554(d). The Court therefore finds that it has subject matter jurisdiction over this case under 28 U.S.C. § 1334(e). Accordingly, the Court finds that the instant action was properly removed to this court.

 Having found that the Court has jurisdiction under 28 U.S.C. §§ 1334(b) and (e), the Court must now determine whether the subject state law claims are core or non-core proceedings. *See Wood,* 825 F.2d at 95.[4] *See also Allen,* 224 B.R. at 352. Defendants argue that this case is a core proceeding under section 157(b)(2). Specifically, Defendants argue that, as First Family is listed among Williams' creditors, First Family "apparently" filed a proof of claim in William's bankruptcy proceeding. *See* Memorandum of Defendants in Opposition to Motion to Remand. The Fifth Circuit has stated that, "[i]f the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding." *Wood,* 825 F.2d at 97. If, on the other hand, "the proceeding is one that would arise *only* in bankruptcy, it is . . . a core proceeding; for example, the filing of a proof of

---

**4.** Subsection 157(b)(1) gives bankruptcy judges the power to determine "all core proceedings arising under title 11, or arising in a case under title 11" and to enter appropriate orders and judgments. Subsection 157(c)(2) gives the bankruptcy judge the limited power to hear "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11" and to submit proposed findings of fact and conclusions of law to the district court, subject to de novo review. *Wood,* 825 F.2d at 95.

claim. . . ." *Id.* (emphasis added). As the record is unclear as to whether First Family filed a proof of claim in the bankruptcy proceeding of Williams, the Court cannot find that Williams' state court case is a core proceeding under section 157(b)(2)(C).

Defendants also argue that the state court case of William is a core proceedings under section 157(b)(2)(O), the "catch-all" provision. In *Chickaway v. Bank One Dayton, N.A.*, 261 B.R. 646, 650–51 (S.D.Miss.2001) (Lee, J.), a case in which the plaintiff "failed to schedule [her] lawsuit as an asset of her bankruptcy estate and yet by [her] lawsuit, [sought] rescission of the transaction by which she incurred the debt for which she sought and obtained discharge in bankruptcy," the court found that the plaintiff's claim was a core proceeding in that it was likely to affect "the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship." (quoting 11 U.S.C. § 157(b)(2)(O)). The Court finds that, under section 157(b)(2)(O), the state court cases of Funchess and Stanley are core proceedings in that they will likely affect the liquidation of the assets of their estates. The Court further finds that, under section 157(b)(2)(O), the state court case of Williams is a core proceeding in that it will likely affect the adjustment of the debtor-creditor relationship of the parties.

The Court's finding that the proceedings are core proceedings is not determinative on the issue of remand, however, but merely means that Court is not required to abstain from hearing Plaintiffs' case pursuant to 28 U.S.C. § 1334(c)(2) (providing that, upon a finding that a cause of action is related to, but not arising under, title 11, the court shall abstain from hearing the proceeding), but may in its discretion abstain from hearing the case on equitable grounds. *See* 28 U.S.C. § 1452(b). As the Court finds that abstention is not proper in this case, the Court finds that the Motion of Plaintiffs to Remand is not well taken and should be denied.

### III. Conclusion

IT IS THEREFORE ORDERED that the Motion of Plaintiffs to Strike Supplements of Defendants to Notice of Removal [6–1] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Plaintiffs to Remand [6–2] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Plaintiffs to Dismiss [6–3] is hereby denied.

IT IS FURTHER ORDERED that the Clerk of Court is hereby directed to remove Plaintiffs Justina Bober, Jessie Mae Haley, and Sarah Haley from this action.