**Peggy REED, Plaintiff,**

v.

**MISSISSIPPI FARM BUREAU MUTUAL INSURANCE COMPANY; Washington Mutual Home Loans, Inc.; and John Does 1–5, Defendants.**

**Civ.A. No. 3:03–CV–747BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 2, 2003.

Christopher M. Falgout, John W. Boling, Meridian, MS, Douglas M. Engell, Marion, MS, for plaintiff.

James R. Moore, Jr., Roy A. Nowell, Jr., Copeland, Cook, Taylor & Bush, Ridgeland, MS, William H. Leech, William C. Pentecost, McGlinchey Stafford, Jackson, MS, for defendants.

### *OPINION AND ORDER*

BARBOUR, District Judge.

This cause is before the Court on Plaintiff's Motion to Remand. Having considered the Motion, Response, Rebuttal, attachments to each, and supporting and opposing authority, the Court finds that the Motion is well taken and should be granted.

In addition, Defendant Washington Mutual Home Loans, Inc. has filed a Motion to Strike a Letter attached to Plaintiff's Rebuttal Brief for her Motion to Remand. Having considered the Motion, the Court finds that this Motion is well taken and should be granted.

## I. Background and Procedural History[1]

On or about August 20, 2001, Plaintiff Peggy Reed suffered storm damage to her

---

1. The facts stated in this section of the Opinion and Order were generated from numerous

house in Collinsville, Mississippi. On November 7, 2001, Defendant Mississippi Farm Bureau Mutual Insurance Company (hereinafter "Mississippi Farm Bureau"), Plaintiff's insurance company, issued a check to Plaintiff and Defendant Washington Mutual Home Loan (hereinafter "Washington Mutual") to cover the damage. An agent of Washington Mutual advised her to send the check to Washington Mutual and that they would endorse it and send it back to her so that she could make the repairs. According to Plaintiff, Washington Mutual forged her signature and applied the check to her account. Plaintiff contacted Washington Mutual numerous times about the check and was told that they would send the check to her. Plaintiff also contacted Mississippi Farm Bureau and was informed that the check had already been cashed. Plaintiff claims that she was unable to make the necessary repairs on her house because of Defendants' actions.

On April 25, 2003, Plaintiff filed her original Complaint against Defendants Mississippi Farm Bureau and Washington Mutual in the Circuit Court for the First Judicial District of Hinds County. The Complaint asserts causes of action against Defendants for breach of covenant of good faith and fair dealing; gross negligence; intentional, gross, and negligent infliction of emotional distress; conversion; tortious breach of contract; negligent hiring, training, and supervision; and fraud. On or about April 3, 2003, Plaintiff filed a Chapter 13 petition for bankruptcy in the United States Bankruptcy Court for the Southern District of Mississippi, which was pending at the time this case was filed. Washington Mutual Bank, F.A., as successor in interest to Defendant Washington

Mutual Home Loans, Inc. timely removed this case claiming that this Court had jurisdiction based on 28 U.S.C. § 1334. On June 27, 2003, Plaintiff filed a Motion to Remand which is now ripe for consideration.

## II. Bankruptcy Jurisdiction

Defendants argue that this Court has bankruptcy jurisdiction over the case pursuant to 28 U.S.C. § 1334 because Plaintiff is involved in bankruptcy proceedings. Defendant argues that Plaintiff's claims represent proceedings for which this Court should exercise jurisdiction under 28 U.S.C. § 1334(a), which states in relevant part that "the district court shall have original and exclusive jurisdiction over all cases under title 11," or under § 1334(b), which states in relevant part that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or relating to cases under title 11." The Court disagrees.

█ The principles of mandatory abstention are set forth in 28 U.S.C. § 1334(c)(2), which states:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

To determine whether the mandatory abstention provisions of § 1334(c)(2) apply,

the Court must first determine whether Plaintiff's causes of action in this case represent "core" bankruptcy proceedings. In *In re Southmark Corp.*, 163 F.3d 925 (5th Cir.1999), the United States Court of Appeals for the Fifth Circuit analyzed whether the federal district court in issue should have abstained from exercising jurisdiction over a bankrupt's state law claim of professional (accounting) malpractice. The *Southmark* court analyzed as follows:

> But what the court can do with its jurisdiction depends first on whether the malpractice case is a "core" bankruptcy matter or one that is "related to" Southmark's reorganization case. If the suit against Coopers [the accountant] is merely "related to" bankruptcy, the bankruptcy court was required to abstain from hearing it. 28 U.S.C. § 1334(c)(2). If, however, the controversy lies "at the core of the federal bankruptcy power," *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the bankruptcy law permits but does not require abstention. 28 U.S.C. § 1334(c)(1). *Id.* at 928–29 (footnotes omitted).

Based on the *Southmark* holding and on the provisions of § 1334(c)(2), this Court *must* abstain from exercising jurisdiction over the subject case if Plaintiff's claims are non-core proceedings under bankruptcy law. The *Southmark* Court continued by providing guidance on what constitutes a core proceeding.

 defining the scope of a "core proceeding," the *Southmark* court cited the holding in *In re Wood*, 825 F.2d 90 (5th Cir.1987). *Wood* involved a claim against a debtor over shares of stock acquired by the debtor after the petition in bankruptcy was filed. There the court held that

a proceeding is core under section 157 if it involves a substantive right provided by title 11 or if the proceeding that, by its nature, could arise only in the context of a bankruptcy case. The proceeding before us does not meet this test and, accordingly, is a non-core proceeding. The plaintiff's suit is not based on any right created by the federal bankruptcy law. It is based on state created rights. Moreover, this suit is not a proceeding that could arise only in the context of a bankruptcy. It is simply a state contract action that, had there been no bankruptcy, could have proceeded in state court. *Id.* at 97 (footnote omitted).

*Southmark*, 163 F.3d at 930. In summary, the court held that if a claim is based on state law and the claim could arise outside of the context of the bankruptcy proceeding, then it is not a core proceeding. This Court is bound by the holdings in *Southmark*. Plaintiff's claims in this case do not arise out of her bankruptcy proceeding, the claims could have been brought outside of the scope of bankruptcy law, and the claims are premised on state law. Therefore, the Court finds that Plaintiff's claims in this suit are non-core proceedings.

[3, 4] the Court must consider whether the five part test for mandatory abstention is met. For mandatory abstention to be invoked, the following conditions must exist:

(1) A motion has been timely filed requesting abstention.

(2) The cause of action is essentially one that is premised on state law.

(3) The proceeding is non-core or related to the bankruptcy case.

(4) The proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case.

(5) The proceeding has already been commenced and can be timely adjudicated in a state court forum.

*In re McCray,* 209 B.R. 410, 414 (Bankr. N.D.Miss.1997); *See also Blakeley v. United Cable Sys.,* 105 F.Supp.2d 574, 582 n. 9 (S.D.Miss.2000). All of these factors are met in this case. A timely Motion to Remand was filed with this Court, which is reasonably construed as a request for abstention. Plaintiff's cause of action is premised on state law. As analyzed above, Plaintiff's cause of action in this case is a non-core proceeding. This case could not have been commenced in this Court absent the existence of Plaintiff's bankruptcy case. Finally, the subject case has already been commenced in state court, and the case can be adjudicated in state court in a timely manner. Because all five of the factors for mandatory abstention are met, the Court finds that it is barred from exercising bankruptcy jurisdiction over the subject case.

■ In addition, Defendants argue that Plaintiff lacks standing to bring this action because her claims against Defendants arose prior to the bankruptcy filing, making it property of her bankruptcy estate.[2] *See* Memorandum Brief of Defendant Washington Mutual in Support of their Response to Motion to Remand at 12. Defendants' argument appears to be based on 28 U.S.C. § 1334(e) which states that "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."

The Court disagrees with Defendants' argument based on § 1334(e). In *Lee v.*

*Miller,* 263 B.R. 757, 760–62 (S.D.Miss. 2001)(J. Wingate), the court held that the provisions of § 1334(e) do *not* preclude abstention and remand under § 1334(c). In the event that the Court is incorrect, and 1334(e) precludes *mandatory* abstention, then the Court opts to decline the exercise of jurisdiction under the *discretionary* abstention provisions of § 1334(c)(1).

■■■■■■ to the principles of discretionary abstention, the Court is permitted to abstain from hearing a case arising under title 11 where abstention is in the interest of justice, comity with state courts, or respect for state law. 28 U.S.C. § 1334(c)(1). In *Searcy v. Knostman,* 155 B.R. 699, 710 (S.D.Miss.1993), the court set forth a non-exclusive list of fourteen factors that may be considered in determining whether to exercise discretionary abstention. These factors include:

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends abstention;

(2) extent to which state law issue predominate over bankruptcy issues;

(3) difficulty or unsettled nature of the applicable law;

(4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

(5) jurisdictional basis, if any, other than 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding:

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state

---

**2.** Plaintiff filed her petition for bankruptcy before filing this cause of action. However, her cause of action accrued before her petition for bankruptcy was filed. Any cause of action which accrues prior to filing bankruptcy is property of the estate. *See Lawrence v. Jackson Mack Sales, Inc.,* 837 F.Supp. 771, 779 (S.D.Miss.1992).

court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

*Id.* (citing *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir.1990); *Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Co.*, 130 B.R. 405, 407–08 (S.D.N.Y.1991); and *Western Helicopters, Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1, 2 (E.D.Cal.1988)).

Without the need for a detailed analysis of the thirteen factors set forth in *Searcy*, the Court finds that a large majority of the factors support abstention. Accordingly, discretionary abstention from the exercise of jurisdiction in this case is clearly warranted, and this case must be remanded to state court.

The Court notes that an Opinion rendered by the undersigned which is published at *Dixon v. First Family Financial Services*, 276 B.R. 173 (S.D.Miss.2002), is at least in an indirect manner, in conflict with this Opinion. In Dixon, this Court did not include the holdings set for in *In re Southmark Corp.*, 163 F.3d 925 (5th Cir. 1999). *Southmark* establishes binding law that this Court must consider in defining the phrase "core proceeding" and in analyzing whether a claim is a "core proceeding." Therefore, to the extent that *Dixon* is inconsistent with the analysis and hold-ings presented herewith, *Dixon* is hereby abrogated.

### III. Motion to Strike

█ In Plaintiff's Rebuttal Brief to her Motion to Remand, Plaintiff attached a letter from Samuel J. Duncan, an attorney representing the Trustee in Plaintiff's bankruptcy case, stating that the Trustee prefers to have the case tried in state court. On August 12, 2003, Defendant Washington Mutual filed a Motion to Strike this letter. The Court finds that this letter and any reference to the letter by Plaintiff should be stricken.

█ In a Motion to Remand, it is permissible to submit affidavits in support of the movant's position, making the proceeding resemble summary judgment in determining what evidence the Court may consider. *Jamison v. Kerr–McGee Corporation*, 151 F.Supp.2d 742, 746 (S.D.Miss. 2001) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990)). Under Rule 56(c), a summary judgment determination must based on "pleadings, depositions, answers to interrogatories, and pleadings, and admissions on file, together with the affidavits, if any . . . ." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Duncan letter does not rise to the level of an affidavit. In the alternative, even if the letter was sufficient to constitute an affidavit, it is not based on "personal knowledge" as required under Rule 56(e). The Court therefore finds that it should not consider the letter in deciding Plaintiff's Motion to Remand.

### IV. Conclusion

Based on the holdings presented above, the Court finds that Plaintiff has asserted claims against Defendants for which relief *may* be granted in state court. Therefore, Plaintiff's Motion to Remand is granted herewith.

IT IS THEREFORE ORDERED that the Motion of Plaintiff to Remand [6–1] is hereby granted in accordance with Title 28 U.S.C. § 1447(c). This case shall be remanded to the Circuit Court for the First Judicial District of Hinds County, Mississippi, with each party bearing its own costs.

IT IS FURTHER ORDERED that the Motion of Defendant Washington Mutual Home Loans, Inc. to Strike the Letter attached to Plaintiff's Rebuttal Brief [10–1] is hereby granted.