IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01 -10376

_____


JAMES E ELBAOR, MD PA, Individually and as Trustee for the James E Elbaor MD PA
Retirement Trust dated April 24, 1997; EDWARD E ELBAOR, Individually and as
Trustee and General Partner of the Elbaor Family Limited Partnership #2 dated December
21, 1988 and Elbaor Children's Trust Partnership dated March 1, 1993.

Plaintiffs-Appellants

v.

TRIPATH IMAGING INC, a corporation; ET AL

Defendants

TRIPATH IMAGING, INC, a corporation; PARALLAX GROUP LP, a limited
partnership; TANDEM MANAGEMENT INC, a corporation; WILLIAM F
BRANSTON, Individually and as General Partner of Parallax Group LP and as agent for
Tandem Management Inc

Defendants-Appellees

-------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
-------------------------------------------------------------

January 14, 2002

Before JOLLY, SMITH and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

Appellants James E. Elbaor, MD PA, Individually and as Trustee for the James E. Elbaor

MD PA Retirement Trust dated April 24, 1997 and Edward E. Elbaor, Individually and as Trustee

and General Partner of the Elbaor Family Limited Partnership #2 dated December 21, 1988 and

Elbaor Children's Trust Partnership dated March 1, 1993 (collectively the "Elbaors") filed a motion in the district court, seeking a voluntary dismissal, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2) ("Rule 41(a)(2)"). The district court granted the Elbaors' motion for voluntary dismissal pursuant to Rule 41(a)(2). However, the district court dismissed with prejudice, concluding that to do otherwise would be unjust. The Elbaors appeal, contending that the district court's order constitutes an abuse of discretion. Because the order dismissing all of the Elbaors' claims with prejudice was overbroad, we vacate the order of the district court and remand for proceedings consistent with this opinion.

## I.
## BACKGROUND

On August 4, 2000 the Elbaors filed suit in the 348th Judicial District Court of Tarrant County, Texas. In summary, the Elbaors alleged that they hired appellee William Branston ("Branston") to invest money held in trust and that Branston, in violation of his duty of care, used large portions of that money to invest in NeoPath Inc. (a predecessor corporation of appellee Tripath Imaging, Inc.). The Elbaors further alleged that when they contacted Alan Nelson ("Nelson"), CEO of NeoPath, seeking assurances that the investment was sound, he made misrepresentations in an effort to induce them to maintain their investment. Based upon these allegations the Elbaors asserted claims for negligence, fraud and negligent misrepresentation and violations of the Texas Deceptive Trade Practices-Consumer Protection Act [Bus. & Com. Code § 17.41 et seq.] (the "DTPA") and Bus. & Com. Code § 27.01 against Nelson and appellees Branston, Parallax Group LP, Tandem Management Inc. and Tripath Imaging, Inc. (collectively "Tripath").

2

On October 27, 2000 Tripath and Nelson joined in the removal of the action to the District Court for the Northern District of Texas, Forth Worth Division. Eleven days later Nelson, a Washington resident, filed a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and Tripath filed a motion to dismiss for failure to state a claim and failure to plead fraud with particularity pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). On January 3, 2001, the district court granted Nelson's motion to dismiss and ostensibly denied Tripath's motion, but nevertheless ordered the Elbaors to file an amended complaint by January 12, 2001.

On January 12, 2001, instead of filing an amended complaint, the Elbaors filed a motion to dismiss their action pursuant to Rule 41(a)(2), seeking dismissal without prejudice. In that motion, the Elbaors failed to explain the reason for seeking the dismissal or identify the jurisdiction where they intended to re-file. On January 31, 2001 Tripath filed an opposition, contending that an unconditional dismissal would prejudice it because, were the Elbaors to file the action in another jurisdiction, Tripath might lose certain defenses to the Elbaors' DTPA, negligence and negligent misrepresentation claims, including but not limited to statute of limitations defenses. Tripath did not contend, however, that it could lose defenses to the fraud or Bus. & Com. Code § 27.01 claims. In the opposition, Tripath requested that the district court deny the motion for voluntarily dismissal or condition dismissal on the payment of Tripath's attorney's fees. In addition, Tripath requested that the district court dismiss the action with prejudice because of the Elbaors' failure to comply with its order to file an amended complaint.

On February 5, 2000, before the Elbaors filed a reply (and before the period for the filing of a timely reply had elapsed), the district court entered the instant order, which provides, in pertinent part, as follows:

3

Came on for consideration the motion of plaintiffs... for voluntary dismissal... The court having considered the motion... finds that the motion should be granted but that dismissal should be with prejudice. By order signed January 3, 2001, the court ordered plaintiff to file, by 4:30 p.m. on January 12, 2001, [an] amended complaint specifically setting forth their claims against each defendant in this action. Plaintiffs failed to do so, and instead filed their motion for voluntary dismissal. Dismissing plaintiffs' claims without prejudice would be unjust. Therefore, [t]he court ORDERS that plaintiffs' motion for voluntary dismissal be, and is hereby, granted in part and plaintiff's claims against defendants... be, and are hereby, dismissed with prejudice.[1]

On the same day the district court entered final judgment for Tripath and closed the case.

## II.
## DISCUSSION

The parties ask us to decide today whether the circumstances of this case support the

---

[1]The district court order could be construed as relying on the Elbaors' failure to comply with its earlier order to file an amended complaint in support of dismissal with prejudice. As the discussion below indicates, Rule 41(a)(2), which is designed to protect non-movants from prejudice occasioned by unconditional dismissals, is not a proper mechanism to punish non-compliance with court orders. Cf. Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for the failure to comply with court orders); Long v. Simmons, 77 F.3d 878, 880 (5th Cir. 1996) ("A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action."); see e.g. Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 213 (5th Cir.1976) (holding that initial failure to respond to motion to dismiss and subsequent failure to respond after express order to do so within ten days were insufficient to support dismissal). In addition, we must assume the district court was not seeking to sanction the Elbaors for failing to comply with its order as such a sanction would have to have been preceded by notice and an opportunity to be heard. Cf. Roadway Express, Inc. v. Piper, 447 U.S. 752, 767, 100 S.Ct. 2455, 2464 (1980) ([S]anctions ... should not be assessed lightly or without a fair notice and an opportunity for a hearing on the record.").

Tripath contends that the district court denied the Rule 41(a)(2) motion and dismissed with prejudice, not as a sanction, but because there was no active complaint. We do not address whether an order of this character would be an abuse of discretion because this is not a reasonable construction of the district court order—the district court explicitly granted the 41(a)(2) motion. Tripath's position is also problematic because, despite ordering the Elbaors to file an amended complaint, the district court never granted a motion to dismiss the Elbaors' original complaint.

4

district court's "conversion" of the Elbaors' Rule 41(a)(2)[2] motion to voluntarily dismiss without prejudice, granting it with prejudice.

We have explained that, as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. See Manshack v. Southwestern Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990). The primary purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Id. (citing 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364, at 165 (1971)).

Therefore, faced with a Rule 41(a)(2) motion the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice.[3] If not, it should generally, absent some evidence of abuse by the movant, grant the motion. If the district court

[2]Rule 41(a)(2) provides, in pertinent part, as follows: "[e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

[3]We note that the fact that additional expense will be incurred in relitigating issues in another forum will not generally support a finding of "plain legal prejudice" and denial of a Rule 41(a)(2) motion to dismiss. See Manshack, 915 F.2d at 174, supra; cf. Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc., 903 F.2d 352, 360 (5th Cir. 1990) ("Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal."); Witzman v. Gross, 148 F.3d 988, 992 (8th Cir. 1998) ("We consider the following factors when determining whether a district court abused its discretion in denying a Rule 41(a)(2) motion: (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant."). Evidence of expense incurred can of course support a discretionary award of attorney's fees and costs. See e.g. Yoffe v. Keller Indus., Inc., 580 F.2d 126, 129 (5th Cir. 1978). Tripath does not argue that the expenses incurred in litigating this action, which had not yet progressed past initial pleadings, were substantial enough, standing alone, to support denial of the Rule 41(a)(2) motion.

concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice.

## A. Existence of Prejudice Necessitating Denial of the Motion or Conditional Dismissal

As noted above, the first question necessarily resolved by the district court was whether an unconditional dismissal would cause Tripath to suffer plain legal prejudice.

The district court's determination on this point, i.e. whether to grant or deny an unconditional dismissal, is reviewed for abuse of discretion. See Davis v. Huskipower Outdoor Equip. Corp., 936 F.2d 193, 199 (5th Cir. 1991). We conclude that the district court did not abuse that discretion. Although the district court's order does not explain how Tripath would suffer this prejudice, Tripath argued below in its opposition to the Elbaors' motion, and on appeal, that it would be prejudiced by an unconditional dismissal because such a dismissal would potentially strip it of a viable statute of limitations defense.[4] We agree.

In Phillips v. Illinois Cent. Gulf R.R., 874 F.2d 984 (5th Cir. 1989), the appellant contended that the district court erred in granting summary judgment in favor of the appellees on their statute of limitations defense instead of granting his pending Rule 41(a)(2) motion to dismiss. See id. at 985-86. We disagreed. As an initial matter, we indicated that Plaintiff sought the dismissal to re-file in a jurisdiction where the statute of limitations would not be a bar. See id.

---

[4]Clearly Tripath has a potentially viable statute of limitations defense as to the negligence, negligent misrepresentation and DTPA claims. Each of these three claims has a two-year statute of limitations. See Tex. Civ. Prac. & Rem. § 16.003; Tex. Bus. & Com. § 17.565. Yet, appellant James E. Elbaor swore in an affidavit that "[i]t was not until 1997 that we began discovering that Defendant Nelson's representations had been false at the time they were made and that Mr. Nelson would have known of such falsity..." and the Elbaors did not file this action until August 4, 2000.

6

In light of this fact we concluded that the district court correctly denied the motion, reasoning that the absolute loss of a statute of limitations defense constitutes the type of clear legal prejudice that precludes the granting of an unconditional dismissal. See id. at 987.

At argument the Elbaors attempted to distinguish Phillips on two bases, arguing that there is nothing in the record that indicates that they intend to file in a jurisdiction with a longer statute of limitations and that, in fact, they sought the dismissal solely in order to file in a jurisdiction where they could maintain a single suit against Tripath and Nelson. Therefore, they contend that unlike Phillips, Tripath's assertion that they will be stripped of the statute of limitations defense is purely speculative. Furthermore, the Elbaors asserted that the statute of limitations defense would not succeed because they could utilize Texas' discovery rule to plead around the statute of limitations. See generally Jackson v. West Telemarketing Corp. Outbound, 245 F.3d 518, 524 (5th Cir. 2001) ("The discovery rule, however, 'defers accrual of certain causes of action until the plaintiff knew, or exercising reasonable diligence, should have known of the wrongful act causing injury.'") (citing Salinas v. Gary Pools, Inc., 31 S.W.3d 333, 335 (Tex.App. 2000)).

In arguing that Phillips is distinguishable, however, the Elbaors fail to discuss our opinion in Ikospentakis v. Thlassic Steamship Agency, 915 F.2d 176 (5th Cir. 1990). In Ikospentakis, the appellants challenged an order granting a dismissal without prejudice, contending that the dismissal stripped them of a forum non conveniens defense. See id. at 177. In holding that the district court erred in granting the motion, we made clear that whether the defense will ultimately be successful is not the appropriate inquiry. See id. at 179 (rejecting the appellees' attempt to distinguish Phillips on the ground that the decision whether to grant a forum non conveniens dismissal is discretionary). We reasoned:

7

But whether appellant can sustain this defense beyond the shadow of a doubt in federal court is not the point of the inquiry concerning legal prejudice, although that circumstance made the decision in Phillips relatively easy. The point of the inquiry, rather, is that appellants' invocation of forum non conveniens is far from frivolous, and that if appellants are relegated to litigating in the Louisiana state courts, they will not even have the opportunity to pursue a forum non conveniens dismissal.

Id. In light of Ikospentakis, the Elbaors' potential ability to plead around the statute of limitations is irrelevant.

The fact that we do not know where the Elbaors intend to file this action is slightly more troublesome. Because of this, we do not know, as we did in Ikospentakis and Phillips, that a defense will be lost. Hypothetically, the Elbaors may re-file in a jurisdiction with the same two-year statute of limitations.[5] However, the reason for this hole in the record is the Elbaors' failure to disclose to the district judge why they sought the dismissal. Cf. Hamm v. Rhone-Polenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir. 1999) ("In exercising [its] discretion [to grant or deny a Rule 41(a)(2) dismissal], a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss..."); Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996) (same); Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990)

---

[5]In light of their avowed purpose, bringing all the defendants together, one might guess they have filed, or are likely to file in Washington, where Nelson is domiciled. We note that Washington has a three year statute of limitations on negligence and negligent misrepresentation claims. See Wash. Rev. Code § 4.16.080; Sabey v. Howard Johnson & Co., 101 Wash. App. 575, 592 (2000).

We also note that if the Elbaors had not already strategically re-filed, it is possible that the statute of limitations would have run by January 2001 even in Washington. See e.g. Ford v. Sharp, 758 F.2d 1018, 1023-24 (5th Cir.1985) ("For purposes of the statute of limitations, the plaintiff receives no credit or tolling for the time that elapsed during the pendency of the original suit."); Humphreys v. United States, 272 F.2d 411, 412 (9th Cir.1959) (holding that voluntary dismissal without prejudice "leaves the situation the same as if the suit had never been brought in the first place"). Because the Elbaors do not argue that this fact dispels any prejudice to Tripath, we need not address it.

8

(same). Although the Elbaors did explain their motivation at argument, they still did not identify the jurisdiction in which they intend to re-file. This information is uniquely in the Elbaors' possession. We decline to adopt a rule that allows a movant to garner a dismissal by simply refusing to disclose the jurisdiction where they intend to re-file.

In summary, because dismissal without prejudice would have caused Tripath plain legal prejudice, the district court had only two options: it could deny the motion or it could craft reasonable conditions that would eliminate the prejudice.

**B. Scope of Conditions**

The district court attempted to take the latter path; in fact it imposed the harshest condition available to it—dismissal with prejudice. Review of an order setting conditions to a Rule 41(a)(2) dismissal is also reviewed for abuse of discretion. See American Cyanamid Co v. McGhee, 317 F.2d 295, 298 (5th Cir. 1963).

A threshold question is whether Rule 41(a)(2) ever allows a district court to "convert" a motion for Rule 41(a)(2) dismissal without prejudice, granting it with prejudice. Although the Fifth Circuit has never answered this question, every Circuit addressing it has answered in the affirmative, reasoning either that the district is authorized to do so as a condition by the "terms and conditions" language in the statute or that the authority is implicit in the "[u]nless otherwise specified" language of the statute. See Gravatt v. Columbia University, 845 F.2d 54, 55 (2d Cir. 1988); Andes v. Versant Corp., 788 F.2d 1033, 1037 (4th Cir. 1986); United States v. One Tract of Real Property, 95 F.3d 422, 425 (6th Cir. 1996); Marlow v. Winston & Strawn, 19 F.3d 300, 304 (7th Cir. 1994); Jaramillo v. Burkhart, 59 F.3d 78, 79 (8th Cir. 1995). We agree with these Circuits that Rule 41(a)(2) clearly provides authority to the district court to grant the dismissal on

9

the condition that it be with prejudice.

However, in this instance dismissing all of the Elbaors' claims with prejudice as a condition was an abuse of discretion. Although abuse of discretion review gives the district court a great deal of leeway in crafting conditions to dismissal, the district court must be careful to craft conditions that are not overbroad. See Le Compte v. Mr. Chip, Inc., 528 F.2d 601, 604-05 (5th Cir. 1976) ("It seems, therefore, that in ruling on motions for voluntary dismissals, the district court should impose only those conditions which will alleviate the harm caused to the defendant."). As noted above, Tripath did not demonstrate that it would be prejudiced by the unconditional dismissal of the fraud or Bus. & Com. Code § 27.01 claims nor could it identify any prejudicial effects at argument. Therefore, while the district court had discretion to impose conditions on dismissal that prevented the Elbaors from re-filing the negligence, negligent misrepresentation and DTPA claims in a jurisdiction with a longer statute of limitations, no reason is apparent for a condition that bars future litigation of the other two claims. Accordingly, we must vacate.

On remand, the district court will be required to either deny the Elbaors' motion to dismiss or craft well-tailored conditions that will cure the prejudice Tripath will suffer as a result of an unconditional dismissal. If the district court chooses the latter path, we note that our case law requires that the district court allow the Elbaors the opportunity to withdraw their motion to dismiss rather than accept the conditions. See Mortgage Guar. Ins. Corp. v. The Richard Carlyon Co., 904 F.2d 298, 301 (5th Cir. 1990) ("Ordinarily, the plaintiff has the option to refuse a Rule 41(a)(2) voluntary dismissal and to proceed with its case if the conditions imposed by the court are too onerous.").

10

III.
CONCLUSION

For the reasons stated above, we VACATE the district court's order of dismissal and

REMAND for proceedings consistent with this opinion.