United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 03-40550

(Summary Calendar)

_____

JULIO C. ROBLES,

                    Plaintiff-Appellee,

versus

ATLANTIC SOUNDING CO., INC.; ET AL,

                    Defendants,

WEEKS MARINE, INC.,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
G-02-CV-209

_____

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.

This appeal arises from a district court's decision to grant Appellee's motion to voluntarily dismiss his case against Appellant. Because the district court did not abuse its discretion, we affirm.

Appellee filed a personal injury claim under the Jones Act, 46 U.S.C. § 688, and general maritime law alleging that he was injured while working on Appellant's vessel. Trial was set for April 9, 2003. On April 8, 2003, Appellee filed a motion for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Appellant filed a brief opposing the motion. The district court dismissed the case without prejudice and attached two conditions to the order. First, the district court forbid Appellee from refiling the case in the court's jurisdiction. Second, the district court granted both parties the ability to reuse all discovery and work product obtained or produced in the case in any subsequent litigation. Appellant filed a brief in this Court claiming the district court abused its discretion in granting Appellee's motion for voluntary dismissal without prejudice. Appellant argues it was prejudiced by the district court's dismissal of the action without prejudice and asks this Court to reverse the district court and order it to conduct further hearings on the motion or dismiss the case with prejudice.

Federal Rule of Civil Procedure 41(a)(2) provides the standard for a plaintiff's motion for voluntary dismissal: "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." A district court's grant or denial of a voluntary dismissal, and any conditions attached thereto, is reviewed under an abuse of discretion standard. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 (5th Cir. 2002). In this

47.5.4.

Circuit, "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id*. at 317 (*citing Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).

Plain legal prejudice often occurs where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense. *See, e.g.*, *Elbaor*, 279 F.3d at 318-19 (vacating and remanding district court's dismissal because non-movant could potentially lose a statute of limitations defense); *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 178-80 (5th Cir. 1990) (vacating and remanding because non-movant could lose *forum non conveniens* defense); *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984 (5th Cir. 1989) (defendant's loss of a statute of limitations defense constituted clear legal prejudice). Here, Appellant does not argue that the district court's decision to allow voluntary dismissal stripped it of any otherwise available defenses. Indeed, Appellee has already refiled his case in state court and Appellant does not appear to be stripped of any available defenses because the lawsuit is governed by the Jones Act, which applies equally in either federal or state court. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 405-06 (Tex. 1998) ("When a state court hears an admiralty case, that court occupies essentially the same position occupied by a federal court sitting in diversity: the state court must apply substantive federal maritime law but follow state procedure.").

Plain legal prejudice can also exist regarding the timing of a motion for voluntary dismissal. Appellant correctly points out that filing a motion for voluntary dismissal at a late stage in the litigation can be grounds for denying the motion. *See, e.g.*, *Manshack*, 915 F.2d at 174 ("In some circumstances we would probably agree that a voluntary dismissal granted after an adverse trial court ruling could inflict 'legal prejudice' on the defendant."); *Davis v. Huskipower Outdoor Equip. Corp.*,

936 F.2d 193, 199 (5th Cir. 1991) ("When a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal."). These timing cases are inapposite here because they involve situations where the movant suffered an adverse legal decision *prior* to moving for voluntary dismissal. *See, e.g., Davis*, 936 F.2d at 199 (noting that prior to filing for voluntary dismissal, a magistrate judge made a comprehensive recommendation that was adverse to the moving party). In this case Appellee faced no adverse legal action prior to filing the motion.

Appellant contends that the district court's dismissal without prejudice constituted abuse of discretion because of the costs expended by Appellant in preparation for trial. Costs associated with a second trial, however, do not qualify as plain legal prejudice. *See Manshack*, 915 F.2d at 174 (noting that the mere prospect of a second lawsuit does not constitute plain legal prejudice). Moreover, the district court inserted a condition that allowed both parties to use any discovery or work product in subsequent litigation. This condition minimized Appellant's financial losses. *Cf. Templeton v. Nedlloyd Lines*, 901 F.2d 1273 (5th Cir. 1990) (affirming district court's approval of a voluntary dismissal where the district court allowed parties to reuse discovery).

Finally, Appellant submits that the district court's failure to offer reasons for granting the dismissal is grounds for reversal. Appellant cites *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir. 1976), as support for this contention. *LeCompte*, however, is not controlling. In *LeCompte* the district court imposed unusual conditions when it granted plaintiff's motion for voluntary dismissal. These conditions were a significant burden on the plaintiff[1] and served to transform the dismissal

---

[1]The trial court imposed the following conditions: "(1) that any subsequent suit must be filed in the same court; (2) that plaintiff must show extraordinary circumstances to justify reopening the

without prejudice into a dismissal with prejudice. *Id*. at 604-05. This Court noted that conditions on a voluntary dismissal should be designed to prot ect defendants. We were uneasy with the conditions imposed by the district court because the conditions seemed designed to disadvantage the plaintiff, rather than protect the defendant. *Id*. The conditions imposed by the district court in this case are focused on protecting the defendant, not on disadvantaging the plaintiff. The district court's lack of analysis in this case does not constitute an abuse of discretion.

Even if the district court's decision to grant the voluntary dismissal did cause Appellant some legal prejudice, the existence of plain legal prejudice does not require automatic dismissal. Rather, it is within the discretion of the district court to either deny the motion or to grant the motion and attach conditions that cure the prejudice. *Elbaor*, 279 F.3d at 317-18. In this case the district court did not abuse its discretion in choosing to grant a dismissal with conditions designed to cure any potential prejudice.

The order of the district court is AFFIRMED.

---

case; and (3) that plaintiff must make an affirmative demonstration to the court's satisfaction that a valid cause of action can be maintained against defendants." *LeCompte*, 528 F.2d at 602.