**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 19, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10143
Summary Calendar

_____

UNITED STATES of America, ex rel. JOHN ERNEST BOUNDY,

Plaintiff-Counter Defendant-Appellee,

versus

BERNARD JOSEPH DOLENZ; DOLENZ CLINIC,

Defendant-Counter Claimants-Appellants.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CV-301-G
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bernard Dolenz, federal prisoner # 31480-077, appeals following the district court's grant of John Boundy's motion to dismiss without prejudice his <u>qui tam</u> suit filed on behalf of the United States. Boundy's motion to file a response to Dolenz's reply brief is DENIED.

Dolenz argues that Boundy filed his motion to voluntarily dismiss his complaint because he had received an adverse ruling on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his motion for a summary judgment in his favor and was attempting to avoid an unfavorable result in the proceedings. Dolenz contends that Boundy would have not succeeded in his qui tam action because he was not an original source under the False Claim Act and did not have standing to bring the action. See 31 U.S.C. § 3730(3)(4).

We review a FED. R. CIV. P. 41(a)(2) dismissal without prejudice for abuse of discretion. A motion for voluntary dismissal should be granted "unless the nonmoving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Elbaor v. Tripath Imaging Inc., 279 F.3d 314, 317 (5th Cir. 2002). Dolenz has not shown that he will suffer plain legal prejudice from the dismissal without prejudice. See id. at 317-19; Manshack v. Southwestern Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990). His arguments in his appellate brief challenging Boundy's standing as an original source are without merit. See U.S. ex rel. Laird v. Lockheed Martin Engineering and Science Services Co., 336 F.3d 346, 352-55 (5th Cir. 2003). We do not consider arguments raised for the first time in a reply brief. Peavy v. WFAA-TV, Inc., 221 F.3d 158, 179 (5th Cir. 2000). Also, Dolenz may re-urge his challenge to Boundy's standing as an original source if Boundy refiles his qui tam action. We do not address his other issues on appeal given the current status of the case.

AFFIRMED.