# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 31, 2010

No. 09-20882

Lyle W. Cayce
Clerk

JOHN M. CRAWLEY, L.L.C.,

Plaintiff – Appellee

v.

TRANS-NET, INC.; PETER MOE, JR.,

Defendants – Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-872

Before CLEMENT, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

After extensive motion practice and discovery in this and a related case, Plaintiff–Appellee John M. Crawley, L.L.C. ("Crawley") filed a Rule 41(a)(2) motion for an unconditional voluntary dismissal without prejudice. The motion was opposed by Defendants–Appellants Trans-Net, Inc. and Peter Moe, Jr. (together, "Trans-Net") on grounds that the suit was frivolous and filed in bad

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20882

faith, and requested costs and fees from Crawley. The district court granted the unconditional voluntary dismissal. We affirm.

## FACTS AND PROCEEDINGS

Trans-Net hired Crawley to help it expand its transportation and logistics business into the hospitality industry. Later, when Crawley formed its own competing business, the parties entered into an indemnity agreement setting out the terms of their separation. Trans-Net later sued Crawley in the Southern District of Texas for breach of that agreement. Crawley filed a counterclaim for attorney's fees. More than a year later, Crawley moved to amend its counterclaim to add claims for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, claiming that Peter Moe, Jr., Trans-Net's president, improperly accessed Crawley's web site and printed out proprietary reports and information. The district court denied Crawley's motion to amend its counterclaim on grounds that it was untimely and prejudicial and appeared to be asserted in bad faith. Crawley filed a separate action in Texas state court asserting the same claims. That suit was removed to the Southern District of Texas and the district court denied Crawley's motion to consolidate the two cases. Meanwhile, a settlement was reached in the underlying suit for breach of the indemnity agreement. The day before depositions were scheduled to begin in this suit, Crawley filed a Rule 41(a)(2) motion for unconditional involuntary dismissal. Trans-Net argued that the motion should be denied or conditioned on payment of sanctions in the amount of the $85,000 it had incurred defending a suit it claimed was filed in bad faith to gain leverage in the underlying suit. The district court granted the Rule 41(a)(2) motion without conditions and without shifting costs and fees. Trans-Net timely appealed.

## STANDARD OF REVIEW

We review a FED. R. CIV. P. 41(a)(2) dismissal without prejudice for abuse of discretion. *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1275–75 (5th Cir.

No. 09-20882

1990) (per curiam). A motion for voluntary dismissal should be granted "unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "The primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* (quotation omitted).

## DISCUSSION

Trans-Net argues that it suffered legal prejudice when the district court granted the unconditional voluntary dismissal because it is now precluded from pursuing a claim against Crawley for malicious prosecution under Texas law. *See Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 530 (5th Cir. 2004) (per curiam) (under Texas law, a voluntary dismissal is not favorable termination of an underlying suit for purposes of a malicious prosecution claim). Beyond this conclusory allegation, Trans-Net has not shown that it might have had a colorable claim for malicious prosecution that could be prejudiced. It seems likely that it did not. An essential element of a claim for malicious prosecution of a civil case is that the plaintiff suffer some "special injury," which requires "some physical interference with a party's person or property in the form of an arrest, attachment, injunction, or sequestration." *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 209 (Tex. 1996). To establish the requisite special injury, "[i]t is insufficient that a party has suffered the ordinary losses incident to defending a civil suit, such as inconvenience, embarrassment, discovery costs, and attorney's fees." *Id.* at 208. It does not appear that Trans-Net sustained any injury as a result of Crawley's suit beyond those attendant on any litigation.[1]

---

[1] In the underlying suit, Trans-Net did allege that Crawley improperly retained monies after breaching the indemnity agreement. But since Trans-Net initiated that suit, it could not serve as the basis of a malicious prosecution claim. *Tex. Beef Cattle Co.*, 921 S.W.2d at 207 (claim for malicious prosecution requires initiation or continuation of civil proceedings by the defendant).

No. 09-20882

Accordingly, Trans-Net did not suffer plain legal prejudice as a result of the district court's grant of the unconditional voluntary dismissal.

Trans-Net also claims it suffered prejudice because it incurred extensive fees and costs in relation to defending Crawley's lawsuit, and that the district court should have denied the motion or assessed fees and costs against Crawley.[2] "Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). A district court may also condition its grant of a Rule 41(a)(2) motion on payment of fees and costs if the defendant has incurred substantial costs in defending against the claim. *Elbaor*, 279 F.3d at 317–18 & n.3.

*Hartford* is useful in determining what amount of time and effort spent in defending a suit is "significant" enough to support denying or conditioning a Rule 41(a)(2) motion. In that case, plaintiff "moved to dismiss [the] action without prejudice nearly ten months after the action was removed to federal court. Before that motion was filed, hearings were conducted on various issues, significant discovery was had, [defendant] had already been granted summary judgment, and a jury trial had been set for the remaining defendants." *Hartford*, 903 F.2d at 361. Here, by contrast, only seven months had elapsed between removal and the motion to dismiss, no dispositive motions had been filed, and depositions had not begun. We see no abuse of discretion.

## CONCLUSION

The judgment of the district court is AFFIRMED. All outstanding motions are DENIED.

---

[2] Trans-Net was barred from filing a Rule 11 motion for sanctions because it did not comply with the 21-day notice requirement of FED. R. CIV. P. 11(c)(2).