# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2022

Lyle W. Cayce
Clerk

No. 22-30064
Summary Calendar

---

Patricia G. Williams,

*Plaintiff*,

*versus*

Biomedical Research Foundation of Northwest Louisiana,

*Defendant*,

Victoria Plante-Northington,

*Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CV-01615

---

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

No. 22-30064

Per Curiam:*

Victoria Plante-Northington, counsel for the plaintiff in this litigation, appeals the district court's imposition of sanctions against her in connection with an email she sent to one of that court's law clerks. She argues that (1) the sanctions were imposed without due process of law, and (2) her conduct in sending the email was not sanctionable. We agree with Plante-Northington's first argument, and on that basis, we VACATE the order imposing sanctions and REMAND for further proceedings.

\* \* \*

The underlying action was brought by an employee against her former employer for violations of 42 U.S.C. § 2000e-3 and 42 U.S.C. § 1981. The district court held a pretrial conference on September 21, 2021 at which Plante-Northington appeared on behalf of the plaintiff. Most of the hearing involved routine discussion of how the upcoming trial in the case was to be conducted. However, as that discussion wrapped up, the district court changed the subject, saying to Plante-Northington, "Now, Victoria, I am not happy with you. You wrote a letter to my law clerk that I consider to be impertinent; indeed, smartass and unprofessional." This was the first time the district court had signaled disapproval of Plante-Northington's email, which had been sent a few days earlier on September 8. The judge then read the email[1] into the record and stated:

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] The email read as follows: "Hello Ms. Howell, Wow. I thought no news was good news for my client. [smiley face emoji] The renewed motion for summary judgment has been pending almost a year. I thought the court would issue a bench order during the pretrial conference and follow-up with a written opinion as the court has made us file documents for trial. I had my client and a witness clear their schedules for October 18-22. I guess we must wait to see if the court will dismiss the case after waiting a year and a half

No. 22-30064

> That's an unprofessional letter, ma'am. This Court has inherent power to impose sanctions for abusive conduct. . . . Here, being ever mindful that it must exercise caution in invoking inherit [sic] power and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees, this Court finds that counsel for the plaintiff has acted in bad faith in responding to an email to the Court's career law clerk.

The district judge immediately followed up this explanation by asking Plante-Northington, "Did you really think that I would not see that email?," to which she answered, "No. And I didn't mean any disrespect with it. I just noted what had been told to us." Unmoved, the district court immediately announced sanctions against Plante-Northington, ordering her

> to attend five additional hours of continuing legal education beyond the requirements in the area of professionalism in 2021, over and above what she is required to attend as a member of the Texas Bar. These courses must be accredited by the Federal Bar Association or the Texas State Bar Association. Not later than December 31, 2021, she is to provide the Court with adequate documentation that she has completed not less than three of those professionalism hours in order to demonstrate compliance with this order. Not later than March 31 of 2022, she shall provide to the Court sufficient

---

after the case was remanded. We understand Covid delays but I did not honestly believe it would take this long. The court said it would rule either at the end of last year or the beginning of this year. I asked the magistrate judge about a ruling when he set another scheduling order earlier this year. He advised through a story of his own that it was better not to ask the court to rule. So we waited hoping no news was good news. I guess we will see. Do we still need to file the JPO that is due tomorrow? I am getting a déjà vu feeling that this may go back to the 5th circuit. Please advise about the JPO. I am available September 21 at 10 or 2. Thanks. Victoria Plante-Northington." The transcript of the scheduling conference indicates that the district judge misspoke when reading the email into the record, reading the words, "not to ask the court to rule" as "not to ask the court not to rule." The difference appears to have been inconsequential to the court's decision.

documentation that she has completed the required remaining two hours of completed professional courses. . . . The Court considers this to be a reportable sanction to the Texas Bar Association and any other state bar association that you may be affiliated with. That sanction is imposed immediately.

Plante-Northington attempted to urge the court to reconsider, but she was cut off after a few sentences by the district judge, who said, "that's all I'm going to hear about it. . . . [Y]our intent absolutely has zero with me right now. I know what I read, and it is a critique of my docket management. That is not your place, ma'am. You don't control what I do and why I do it." The parties to the case ultimately agreed to settle the claims, and the district court accordingly entered an agreed final judgment on January 6, 2022. Plante-Northington then filed this appeal of the district court's sanctions order.

*     *     *

"We review a district court's imposition of sanctions under its inherent power for abuse of discretion." *Crowe v. Smith*, 151 F.3d 217, 226 (5th Cir. 1998). Although "[c]ourts of justice are . . . vested, by their very creation, with power to impose silence, respect, and decorum, in their presence," *Anderson v. Dunn*, 19 U.S. 204, 227 (1821), "[a] court must . . . exercise caution in invoking its inherent power, and it must comply with the mandates of due process," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *see also* U.S. CONST. amend. XIV, § 1 cl. 3. Among those mandates is that a party facing sanctions must be given "adequate notice and an opportunity to prepare a response." *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1292 (5th Cir. 1991); *see also Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980) ("[S]anctions . . . should not be assessed . . . without fair notice and an opportunity for a hearing on the record."). A district court's failure to observe these due-process requirements in imposing sanctions is an abuse of discretion. *See Thornton v. Gen. Motors Corp.*, 136 F.3d 450, 455 (5th Cir.

1998). To be sure, advance notice is not *always* required; "in particular circumstances," a codified rule, "standing alone, will constitute sufficient notice of an attorney's responsibilities." *Philsec*, 939 F.2d at 1292 n.5. But "questions of whether an attorney made a good faith argument under the law or . . . interposed a pleading . . . for an improper purpose are more ambiguous and may require more specific notice of the reasons for contemplating sanctions." *Veillon v. Expl. Services, Inc.*, 876 F.2d 1197, 1202 (5th Cir. 1989) (quoting *Donaldson v. Clark*, 819 F.2d 1551, 1560 (11th Cir. 1987)).

We think this case clearly falls into the latter category. There was no codified rule that so inarguably prohibited Plante-Northington's conduct that no advance notice was needed; on the contrary, the district court imposed the sanctions against her under its inherent powers, which are not codified in statutes or court rules. Whether her email was disrespectful enough to warrant sanctions under this power, and whether in sending it she acted in "bad faith" (a required element for the imposition of inherent-power sanctions, *Dawson v. United States*, 68 F.3d 886, 895 (5th Cir. 1995)), are precisely the kind of "ambiguous" questions for which she was entitled to notice and an opportunity to prepare a response.

That being so, we conclude that the district court's imposition of sanctions did not comply with the constitutional requirements of due process. The district judge signaled his intent to sanction Plante-Northington for the first time at an oral hearing on an unrelated matter. He then imposed the sanctions just minutes later at that hearing. Plante-Northington was allowed to utter only a few sentences in her defense before she was cut off. More importantly, she was given no advance notice sufficient for preparing a written or oral submission in response to the contemplated sanctions. As we have held under similar circumstances, "[p]roviding [a party facing sanctions] with an opportunity to mount a defense 'on the spot' does not comport with due process." *Philsec*, 939 F.2d at 1292; *see also Thornton*, 136

F.3d at 454–55; *Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 134 (5th Cir. 2017); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 316 n.1 (5th Cir. 2002). Rather, "there must be specific notice of the reasons for contemplating sanctions. . . . After it gives notice the court must also give the violating attorney an opportunity to respond to the possible sanctions." *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 347 (5th Cir. 1990). Granted, a district court usually has some flexibility as to the precise manner of giving notice of potential sanctions and an opportunity to respond. No "elaborate or formal hearing" is required; "[s]imply giving a chance to respond to the charges through submission of a brief is usually all that due process requires." *Id.* Nevertheless, the district court in this case did not afford Plante-Northington notice or an opportunity to respond in *any* form that met the requirements of due process. We therefore must vacate its order imposing sanctions.

Plante-Northington also argues on appeal that her conduct was not sanctionable. At this juncture, however, rather than address her argument to that effect, we opt to remand so as to give the district court an opportunity to reimpose sanctions, should it choose to do so, in a manner compliant with due process. This has been the disposition in past cases where we have held that sanctions were imposed without adequate procedural safeguards. *See Dallas Roadster*, 846 F.3d at 134; *Philsec*, 939 F.2d at 1292. We believe that the question of whether Plante-Northington's conduct was sanctionable would be better decided on a more developed record.

\*     \*     \*

The district court's order imposing sanctions is VACATED, and the case is REMANDED for further proceedings not inconsistent with this opinion.